CASE No. 1168.

## LUPO v. TRUE.

1. Where the facts stated in a complaint establish a resulting trust, and these facts are not denied by the answer, they stand admitted and cannot be disregarded. The Circuit judge therefore erred in requiring testimony upon these matters and in basing thereon a finding of fact inconsistent with such admissions, even if not unsupported by the evidence received.

2. The plaintiffs claimed the possession of a tract of land as heirs-at-law of their mother, in whose favor there was a resulting trust under a deed to A.; the defendant, by his answer, not denying the facts which raised the trust, claimed under the same deed to A., and averred that plaintiffs' mother "never did have legal seizin of the premises or any right to the possession thereof;" and that defendant had held continued occupation of the land for more than twenty years. *Held,* that while it was even doubtful whether defendant was entitled under his answer to prove a *bona fide* pur-

chase for valuable consideration without notice, the Circuit judge certainly erred in requiring plaintiffs to show that defendant had notice of the trust.

3. Defenses under the Code of Procedure analyzed, and the manner of pleading them considered.

4. Purchase for valuable consideration without notice is an equitable defense and must be set out in the answer and sustained by the defendant.

5. A defendant answered, claiming an interest in the land in dispute, and afterwards, upon affidavits showing a mistake upon the part of his counsel in so answering, and disclaiming any interest, he moved to dismiss the complaint as to him. *Held,* that in granting the motion without costs, the Circuit judge committed no error.

Before MACKEY, J., Kershaw, September, 1879.

Action by Mary A. R. Lupo and others, the children and heirs-at-law of Rebecca Copeland, against James H. True, Henry Moak, Andrew Moak and Jonathan Page. True was the party in possession of the land, Jonathan Page, it was alleged, held a mortgage on the property, and the Moaks were heirs-at-law of Laban W. Moak. The action was commenced in March, 1876. The pleadings are sufficiently stated in the opinion, and the nature of the plaintiff's claim is there set forth. The defendant, True, claimed possession by permission of the owner under a title traced back to Laban W. Moak, who took the deed which the plaintiffs claimed was by operation of law a trust for their mother. This deed was dated November 3d, 1849. Soon afterwards, Moses Copeland (husband of Rebecca), and then Rebecca, died. Laban W. Moak sold the land to Cook, in 1854, for $400, Cook not knowing of the trust, but a tenant then being in possession of the land who was put there by Moak with the statement that it was his sister's land. Cook sold to Dunlap, Dunlap to Kennedy, Kennedy to Hogan, Hogan to Mrs. True, the husband of defendant, Mrs. True to Gerald about the time this action was commenced, but possession not taken until afterwards. Neither Mrs. True nor Gerald were parties. There were alleged defects in defendant's title, not necessary to state, as the court has not considered them.

It was referred to a referee to take testimony, and upon the testimony by him reported, the cause came on for a hearing, when a jury was empaneled as stated in the opinion.

The Circuit decree made a statement of facts, and continued as follows:

After the whole testimony was read, the counsel moved to dismiss the complaint as to the defendant Page, upon the ground that at the commencement of the action Page had no interest in the suit, he having marked satisfied his mortgage upon the land, and delivered it up to Mrs. True, the mortgagor; and that though he had filed a joint answer, with the defendant, True, setting up title to the land, that, in point of fact, he had instructed his counsel not to answer, defending the action, but to have him dismissed as a party defendant. This answer was not sworn to, neither was the complaint. Notice of this motion having been served on the plaintiffs in ample time, with proof of mistaken action upon the part of counsel in answering the action, and the proof thereof being satisfactory to the court, it was ordered that the complaint be dismissed as to the defendant, Jonathan Page, without costs; notwithstanding plaintiff's attorney resisted the motion.

The court finds, as matter of law, that the plaintiffs cannot sustain their action. Their failure to bring home notice of the trust to the alienees of Laban W. Moak, the alleged trustee, or of any fact to put the purchasers upon inquiry as to any trust resulting to the ancestress of plaintiffs by reason of the alleged purchase of said land by Laban W. Moak with her money, is fatal to their recovery. It is proper also to add, that to the mind of the court the evidence going to establish the trust was unsatisfactory.

The plaintiffs contended, that if the defendants relied upon their being purchasers for valuable consideration without notice, that they should have alleged the same in their answer. The court, in reply, said that if the complaint had shown that there was a written declaration of the trust, such as was evidenced by a deed, will, or any writing duly recorded setting forth the same; or that the holding of the land by the trustee was attended with circumstances of a public nature that evidenced its character; or that the trust was a matter of public notoriety, so that any person dealing with the property, by the exercise of ordinary caution or prudence in making proper inquiries, could have ascertained

the truth and thus been put on their guard : then the position of plaintiffs would have force. But that the complaint, so far from *showing* that the land was held in trust, set forth the fact itself that there was an absolute conveyance of the land in fee from Wiley Albert to Laban W. Moak by deed duly recorded ; but alleged that Laban W. Moak had purchased the land with his sister's money, and held it in trust for her and her children.

The Court ruled that the defendants having denied the alleged trust or title of plaintiffs' ancestress, Rebecca Copeland, and having set up title in those under whom they claimed possession, the plaintiffs were bound to make out their own case; and, therefore, the burden of proof rested upon them to establish the trust, as well as to show notice of it.

It is, therefore, ordered, adjudged and decreed, that the complaint of the plaintiffs be dismissed with costs to the defendants.

There were fourteen exceptions to this decree, but only the following were considered by this court:

1. Because the decree erroneously holds that by the pleadings it devolved upon the plaintiffs to prove a resulting trust in favor of the plaintiffs' ancestress, and notice thereof to the defendants.

2. Because the decree erroneously holds that the defendants denied the trust and claimed to hold under alienees in fee, who were purchasers for valuable consideration from Laban W. Moak ; and even if this was so, it could not avail them, unless they denied all notice of the trust prior to this purchase, which they did not do.

9. Because the decree continually holds that the defendants denied the trust and set up the title in those under whom they claimed, which is contrary to what the pleadings show. They did not deny the trust, and founded their claim explicitly on the title deed of Wiley Albert to Laban W. Moak and continuous occupancy under it.

10. Because the decree holds that the averment in the answer, mixed up with the plea of the Statute of Limitations, " that the plaintiffs' ancestress never did have legal seizin of the premises in question or any right to the possession of the same," threw the burden on the plaintiffs of establishing the resulting trust and notice of it to the defendants.

11. Because the decree permits the defendants to avail themselves of the defense of being purchasers for valuable consideration without notice, when they set up no such defense in their answer.

12. Because the court should have confined the defendants to their plea of the Statute of Limitations, and have also held that as they, in their answer, founded their claim upon the deed of Wiley Albert to Laban W. Moak, they could not occupy any better position thereunder than Moak could himself.

13. Because the decree dismissed the complaint as to the defendant Page, upon his disclaimer of any interest in the land at the commencement of the suit.

14. Because the decree dismissed the complaint, with the costs to the *defendants*, when one of the defendants had previously been discharged from the action without costs, on his disclaimer of having any interest therein.

*Messrs: Chesnut & Workman,* for appellants.

*Mr. W. D. Trantham,* contra.

March 14th, 1882.   The opinion of the Court was delivered by

SIMPSON, C. J. The plaintiffs, appellants, heirs-at-law of Rebecca Copeland, deceased, instituted this action against the respondents, alleging in their complaint, that some time prior to November 3d, 1849, one Laban W. Moak, a brother of the said Rebecca Copeland, had in his hands a certain sum of money belonging to the said Rebecca; that at her request, and to preserve the same from the marital rights of her husband, the said Moak bought with this money a tract of land, lying in Kershaw county, containing some five hundred acres; that the deed from the grantor, Wiley Albert, was executed to the said Moak in fee and without trust; that she was placed in possession and so remained until her death, confiding in her brother as her friend and adviser to protect her rights; that not long after the death of the said Rebecca, the plaintiffs, her children, who were then minors of tender years, were taken by the said Moak, their

uncle, to Lexington county, where they were brought up in ignorance of their rights as to the land, until within less than four years before the commencement of their action ; that at the death of their mother the land was taken possession of by Moak ; that defendant is now wrongfully in possession and has been for four years ; that defendant Page wrongfully claims an interest therein ; that the rents and profits are reasonably worth $100 per annum.   Wherefore they prayed judgment, that defendants, Henry Moak and Andrew Moak, execute titles to plaintiffs ; that plaintiffs be let into immediate possession, and that defendant True pay to the plaintiffs four hundred dollars for the use and occupation thereof, and for costs.

The Moak defendants, who are the heirs-at-law of Laban W. Moak, made default.   But the defendants True and Page, answered, denying that Rebecca Copeland " ever had legal seizin of the premises or any right to the possession thereof ;" that defendant True entered under claim of title in fee, founding this claim upon a written instrument, to wit, a deed from one Wiley Albert, executed on November 3d, 1849 ; that there had been a " continued occupation and possession of said premises under this claim for more than twenty years last before this action, by the defendants and those under whom they claimed ; that they deny the truth of each and every allegation inconsistent with what is herein stated."

At the hearing, the complaint was dismissed as to Page, upon affidavits that he had no interest in the land and that he had answered by mistake.   The cause was referred to a referee, and a jury was empaneled to aid the court in reaching a conclusion. It does not appear in the brief what verdict the jury rendered. But the presiding judge found as matter of fact that the evidence going to show the resulting trust under which the plaintiffs claimed was not satisfactory, and even if the trust were established, that the plaintiffs had failed to bring notice thereof home to the defendants, which, he held as a matter of law, devolved upon them.   On these grounds he dismissed the complaint. The appeal questions the correctness of this ruling :

*First*, as to the finding of fact by the judge, that the resulting trust had not been established ; and, *second*, as to the proposition

of law, that it devolved upon the plaintiff to bring home to the defendants notice of such trust, if it existed.

The complaint states fully the facts out of which the plaintiffs claim that the trust originated. If these facts, thus alleged in the complaint, had been denied in the answer, thus raising a direct issue as to their truth, and testimony had been admitted upon such issue, then the finding of fact by the judge would hardly be disturbed, certainly not under the decisions of this State so often cited, unless it was clearly and patently against the evidence. But the allegations in the complaint, which, if true, assuredly raised a trust as between the original parties in favor of Mrs. Copeland, were not denied in the answer. The answer simply claimed title in the defendants, even that not very clearly, and denied as a legal conclusion that Mrs. Copeland ever had legal seizin or any right to possession. This, if true, did not controvert the positive allegations in the complaint of the facts, herein above stated, and which gave rise to the trust.

The defendants, then, not having denied these allegations, either generally or specially, they stood as admitted, (*Code* § 191,) and being admitted, the trust was established as against the defendants. The error of the judge was not in his finding of fact as to the existence of the trust, upon the testimony before him, but in regarding that as an open question, under the pleadings as they then stood, and requiring further testimony thereto besides the admissions of defendants in their answer. Mr. Pomeroy, section 617, in treating of failure to deny in the answer the allegations of the complaint, says : " Such allegations are admitted to be true, and the plaintiff need not prove any material allegation so conceded to be true. Evidence in contradiction of them cannot be received, and a finding of fact in opposition to such admissions will be disregarded and set aside on appeal."

2. Did the judge err in holding that it devolved upon the plaintiffs to prove that the defendants had notice of the trust?

It is always necessary for a plaintiff to make out his case, and when the facts alleged by him are denied, he must prove them to the satisfaction of the jury, or the court, as the case may be. Here plaintiffs' cause of action consisted in defendants depriving them of the benefit of a certain tract of land, to which they

claimed they were entitled by virtue of a resulting trust in favor of their mother.

The essential facts in this cause of action, at least until the defense appeared, were, *first*, the existence of the trust, and, *second*, the deprivation of possession. These facts the plaintiffs proved; what else, before defense, could they be required to prove? They could not be expected to anticipate the defendants' ground of defense and to attempt to destroy it in advance. It was time enough for them to do this when such defense was interposed.

The defense of *bona fide* purchase without notice is in many cases a good defense, but it is not one which the law raises and presumes to exist, like the presumption of innocence in criminal cases. On the contrary, it must be presented and made out by the party who attempts to shield himself with it. In this case this defense is not set up in the answer, and under the pleadings it is doubtful whether the defendants could have legally introduced evidence to sustain it, even if they had desired to do so, much less that the plaintiffs should have been required to anticipate it and to meet it.

Defenses are of two classes : *first*, denials of plaintiff's allegations, either general or special, and thereby raising a direct issue as to their truth ; and, *second*, the interposition of what is called " new matter," that is, the averment of facts different from those alleged in the complaint, and not embraced within the judicial inquiry into their truth. This latter class being also divided into two classes, to wit, those which are defensive, and which, if true, bars the plaintiff's right of action, (*Pomeroy* § 593,) and those which set up an independent cause of action in favor of the defendant, as counterclaim, &c.

Both of the original classes may be set up in the same answer ; when so done, however, they should not be mixed together, but should appear in separate and distinct paragraphs. When the defendant relies in his answer upon but one of these defenses, for example, a denial, then, as a general rule, his testimony must be confined to the issue raised by such defense. *Pomeroy* §§ 690–91.

In fact, the tendency of the decisions in most of the States where the code has been adopted, is to a rigid and universal

application of this rule.    How far this principle shall be applied in this State it is not now necessary to determine, but we will say that the rule is logical in its character, and, if closely adhered to, would be highly beneficial.

But where denial is not relied upon, on the contrary the defendant stands upon "new matter," admitting the allegations of the complaint, he must aver his new matter in his answer, otherwise it is not properly in the case, and no testimony in reference to it will be admitted.    *Pomeroy* § 706.

Here the defendants admitted the plaintiffs' cause of action, but failed to set up the new matter upon which the case turned, to wit, "Innocent purchaser without notice," and yet the plaintiffs' action was dismissed because he did not rebut this defense in advance of its being presented, or any *prima facie* showing made of its truth.    The defense of *bona fide* purchase without notice is an equitable defense, must be set out in the answer, and must be sustained by the party who erects it as a shield.    *Frost* v. *Beekman*, 1 *Johns. Ch.* 288 ; 2 *Abb. For.* 167, note ; 2 *Lead. Cas. Eq.* (*Hare & W.*) 119–120 ; *White & T. Lead. Cas.* 102.

We think the Circuit judge erred in his rulings, both as to the fact of the existence of the trust, and as to the legal necessity of plaintiff's proving that defendants had notice thereof.

We think that the complaint was properly dismissed as to the defendant Page, upon the showing made.    The other exceptions raise no question requiring the opinion of this court.

The judgment of this court is that the order of the Circuit Court dismissing the complaint be reversed, and that the case be remanded for a new trial.

McIVER and McGOWAN, A. J.'s, concurred.