16016

HENNEGAN v. ATLANTIC COAST LINE R. CO. *ET AL.*
(45 S. E. (2d) 331)

*Messrs. DuRant, DuRant & Plowden,* of Manning, and *Willcox, Hardee, Houck & Palmer,* of Florence, for Appellants,

*Mr. James Hugh McFaddin*, of Manning, for Respondent,

November 28, 1947.

TAYLOR, J. :This action was brought by respondent under Lord Campbell's Act, sections 411 and 412, Code of Laws of South Carolina 1942, to recover damages for the alleged wrongful death of Mannie Hennegan, against his employer, Atlantic Coast Line Railroad Company, and J. I. Ridgeway, the section master under whom he was working, it being alleged that Hennegan received injuries resulting from negligence of defendants in the derailment of a motor car near Wilson's Mill, South Carolina, on May 8, 1946, which resulted in his death.

Appellants served notice of an oral demurrer to the complaint, upon the ground that it stated no cause of action, in that it did not show that it was brought for the benefit of any persons for whom such an action could be maintained. The demurrer was heard by Honorable J. Henry Johnson, Presiding Judge, at Manning, on March 3, 1947; and he thereafterwards filed an order sustaining the demurrer, and dismissing the action with leave to the plaintiff, within 20 days from the date of the service of a copy of the order upon her attorney, to plead over, if so advised, under the provisions of Section 493, Code of Laws of South Carolina 1942. Appellants in due time gave notice of appeal from so much of the order of Judge Johnson as permitted the respondent to "plead over" or, as they interpreted it, to amend the com-

plaint. Respondent did not appeal from that portion of the order which dismissed the action.

The only allegations of the complaint as to beneficiaries is contained in paragraph eight, reading as follows: "VIII. That the plaintiff was duly appointed administratrix on the 31st of August, 1946, of Mannie Hennegan, deceased, who was a man about forty-five (45) years of age and was earning approximately One Thousand Five Hundred and Fifty Dollars ($1,550.00) a year, and was the sole supporter of the plaintiff, Bertha Hennegan, and her children, Lou Bertha Mathew, Nathaniel Mathew, LeRoy Mathew, Pearl Mathew, Dorothy Mathew, Tommy Hennegan and Arthur Hennegan, for whose benefit this action is brought".

Judge Johnson properly held that the complaint stated no cause of action, because it did not allege that it was brought for the benefit of any of the persons for whose benefit an action under Lord Campbell's Act is maintainable, and sustained the demurrer. It was further ordered "that the action be, and it is hereby, dismissed". It is unnecessary to determine whether the respondent should or should not have been allowed to amend the complaint, because the action was dismissed and that ended the case, since there was no appeal by the respondent therefrom. The permission granted to the respondent by Judge Johnson's order to "plead over" could, under the circumstances, only mean that the order was without prejudice to the respondent to commence another action; and this right could not be limited to a period of 20 days, but such right would be governed by the applicable statute of limitation.

It is our opinion that all exceptions should be dismissed and it is so ordered.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.