628 S.E.2d 869

Deborah W. SPENCE, Appellant,

v.

Deborah W. SPENCE and Floyd D. Spence, Jr., as the Personal Representatives of the Estate of Floyd D. Spence, Wayne K. Wilkes, Susan A. Wilkes, Donna T. Cromer, Roy Bunyan Cromer, Jr., Robert P. Wilkins, Jr., Floyd D. Spence, Jr., Zachariah W. Spence, Benjamin D. Spence and Caldwell D. Spence, Defendants,

of whom Donna T. Cromer and Roy Bunyan Cromer, Jr., are the Respondents.

No. 26104.

Supreme Court of South Carolina.

Heard June 15, 2005.
Decided Jan. 30, 2006.
Refiled April 10, 2006.
Rehearing Denied April 10, 2006.

110

William E. Booth, III, of Columbia, for Appellant.

Robert L. Widener and Robert W. Dibble, Jr., both of McNair Law Firm, of Columbia, for Respondents.

## ORDER

Appellant filed a petition for rehearing in this matter pursuant to Rule 221, SCACR. Respondents filed a return in opposition. We deny the petition for rehearing, but withdraw the former majority and dissenting opinions, and substitute the attached majority and dissenting opinions in their place. Chief Justice TOAL and Justice PLEICONES would grant the petition for rehearing and decide this case in accordance with their dissenting opinions.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.,

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.

Justice BURNETT:

This appeal raises the issue of whether the circuit court properly dismissed the plaintiff's complaint for failure state a claim against two defendants because the defendants were innocent or bona fide purchasers for value of real property without notice of the plaintiff's adverse claim or alleged title defect. We certified this case from the Court of Appeals pursuant to Rule 204(b), SCACR. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 1999, the late Floyd D. Spence (Owner 1) executed and delivered a deed conveying a parcel of real property located in Spence Plantation, a development at Lake Murray in Lexington County, to his wife, Deborah W. Spence (Owner 2). This 1999 deed, which was not recorded at the time, identified a 0.72–acre parcel. The parcel was a portion of some 163 acres originally owned by Owner 1, according to allegations in the complaint.

In January 2000, Owner 2 agreed to sell the lakefront lot to Wayne K. Wilkes and Susan A. Wilkes (Owner 3) for $250,000. Robert P. Wilkins, Jr. (Agent), an attorney at law and a real estate agent, acted as agent for Owner 2.[1] The lot was independently surveyed by Owner 3 after questioning the

---

1. Owner 2 in her reply brief objects to any description of Robert P. Wilkins, Jr., as her agent because Wilkins purportedly did not admit such a relationship in his answer and the circuit court's order did not make such a finding of fact. We note that Owner 2 in her complaint asserts she had an attorney-client relationship with Wilkins in the 1999 gift conveyance and in the 2000 sale. Owner 2 is bound by that factual assertion in an appeal of a ruling made pursuant to Rule 12(b)(6), in which the facts asserted by the plaintiff in her complaint are deemed to be true. While Wilkins is deemed to be Owner 2's agent for purposes of this appeal, the parties and other litigants are not bound by this designation because it may present a factual issue in ongoing litigation of this matter.

boundaries verbally described by Agent in an on-site inspection.

Owner 2 alleges in her complaint she signed a deed conveying 0.72 acre to Owner 3 on April 3, 2000, with the understanding Agent would hold the deed until the closing date. Owner 2 alleges she and Owner 1 denied Agent's request, made on behalf of Owner 3, to redefine the lot's boundaries so that it contained 0.82 acre—one-tenth of an acre more.

Owner 2 further alleges Agent wrongfully and without her permission or knowledge (1) modified, submitted to county planning officials for approval, and caused to be recorded on April 20, 2000, a revised plat dated February 1, 2000, which shows a 0.82–acre parcel as Lot 42; (2) substituted a new page for the first page of the 1999 deed, which Owner 1 previously had signed conveying the lot to Owner 2, to identify a 0.82–acre parcel as Lot 42; and (3) substituted a new page for the first page of the 2000 deed, which Owner 2 previously had signed conveying the lot to Owner 3, to identify a 0.82–acre parcel as Lot 42 and the revised plat showing the new lot.

The closing on the sale of the lot occurred April 20, 2000. The 1999 gift deed and the 2000 sale deed were publicly recorded with the Lexington County Register of Deeds four days later.

In 2002, Owner 3 sold the 0.82–acre lot to Donna T. Cromer and Roy Bunyan Cromer, Jr. (Owner 4), respondents, for $340,000. According to allegations in the complaint, documents pertaining to Lot 42 then on record with the register of deeds were: (1) the 1999 gift deed from Owner 1 to Owner 2 conveying Lot 42 consisting of 0.82 acre; (2) two earlier deeds described in the derivation clause of the 1999 deed, of which Lot 42 was a portion; (3) the 2000 sale deed from Owner 2 to Owner 3 conveying Lot 42 consisting of 0.82 acre; (4) the Spence Plantation—Phase IV plat with a revision date of February 1, 2000, showing Lot 42 consisting of 0.82 acre; and (5) the original 1997 plat of Spence Plantation—Phase IV, which did not show Lot 42, but revealed that the area next to Lot 41 and from which Lot 42 later was later created was held by Owner 1. Furthermore, the complaint alleges the original 1999 gift deed from Owner 1 to Owner 2 conveying a 0.72–acre lot in the area of Lot 42 was never publicly recorded.

Owner 2 seeks reformation of the deeds due to mutual mistake, seeks a declaratory judgment that the lot size is 0.72 acre, and alleges Agent committed legal malpractice by negligently altering the deeds. Owner 4 moved pursuant to Rule 12(b)(6), SCRCP, to dismiss Owner 2's complaint for failure to state facts sufficient to constitute a cause of action against them.

The circuit court granted the motion and dismissed the case against Owner 4 with prejudice, ruling the "Complaint gives rise to no reasonable interpretation other than that the Cromers [Owner 4] were bona fide purchasers for value." The circuit court denied Owner 2's motion for reconsideration. This appeal follows.

## ISSUE

Did the circuit court err in dismissing with prejudice, pursuant to Rule 12(b)(6), SCRCP, Owner 2's claims against Owner 4 because Owner 4 was an innocent or bona fide purchaser for value of the lot in question without notice of an alleged title defect or adverse claim?

## STANDARD OF REVIEW

Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action. In considering such a motion, the trial court must base its ruling solely on allegations set forth in the complaint. If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper. *Baird v. Charleston County*, 333 S.C. 519, 511 S.E.2d 69 (1999). In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. *Gentry v. Yonce*, 337 S.C. 1, 522 S.E.2d 137 (1999). A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory. *Id.* Furthermore, the complaint should not be dis-

missed merely because the court doubts the plaintiff will prevail in the action. *Toussaint v. Ham*, 292 S.C. 415, 357 S.E.2d 8 (1987).

## LAW AND ANALYSIS

Owner 2 presents four arguments alleging the circuit court erred in dismissing with prejudice her claims against Owner 4 pursuant to Rule 12(b)(6).

## A. DUTY TO FURTHER EXAMINE TITLE

Owner 2 contends the circuit court erred in dismissing her complaint against Owner 4 because Owner 4 had a duty of inquiry to further examine a potential title defect or adverse claim. We disagree.

 A purchaser may assert a plea in equity of a bona fide purchaser for value, without notice of defect in his title, by showing (1) he has actually paid in full the purchase money (giving security for the payment is not sufficient, nor is past indebtedness a sufficient consideration); (2) he purchased and acquired the legal title, or the best right to it; and (3) he purchased bona fide, *i.e.*, in good faith and with integrity of dealing, without notice of a lien or defect. The bona fide purchaser must show all three conditions—actual payment, acquiring of legal title, and bona fide purchase—occurred before he had notice of a title defect or other adverse claim, lien, or interest in the property. *S.C. Tax Commn. v. Belk*, 266 S.C. 539, 543, 225 S.E.2d 177, 179 (1976); *Jones v. Eichholz*, 212 S.C. 411, 422, 48 S.E.2d 21, 25–26 (1948); *Kirton v. Howard*, 137 S.C. 11, 36, 134 S.E. 859, 868 (1926); *Black v. Childs*, 14 S.C. 312, 318 (1880); S.C.Code Ann. § 30–7–10 (Supp.2004);[2] 92A C.J.S. *Vendor & Purchaser* § 483 (2000).

---

2. Section 30–7–10 provides, in pertinent part:

 All deeds of conveyance of lands, tenements, or hereditaments, either in fee simple or for life ... and generally all instruments in writing conveying an interest in real estate required by law to be recorded in the office of the register of deeds or clerk of court ... are valid so as to affect the rights of subsequent creditors (whether lien creditors or simple contract creditors), or purchasers for valuable consideration without notice, only from the day and hour when they are recorded in the office of the register of deeds or clerk of court of the county in which the real property affected is situated. In the case of a subse-

■ There are two basic forms of notice by which a purchaser may be charged with knowledge of the rights of another in real property: actual notice and constructive/inquiry notice. *Belk,* 266 S.C. at 544–43, 225 S.E.2d at 179; *Jones,* 212 S.C. at 422, 48 S.E.2d at 25–26; *Epps v. McCallum Realty Co.,* 139 S.C. 481, 498–99, 138 S.E. 297, 302 (1927).

## 1. ACTUAL NOTICE

We have explained in the context of an action brought under the South Carolina Tort Claims Act that "[a]ctual notice means all the facts are disclosed and there is nothing left to investigate. Notice is regarded as actual where the person sought to be charged therewith either knows of the existence of the particular facts in question or is conscious of having the means of knowing it, even though such means may not be employed by him. Generally, actual notice is synonymous with knowledge." *Strother v. Lexington County Recreation Commn.,* 332 S.C. 54, 64 n. 6, 504 S.E.2d 117, 122 n. 6 (1998) (citations omitted). Moreover, "[a]ctual notice may be shown by direct evidence or inferred from factual circumstances." *Id.* at 65, 504 S.E.2d at 123.

■ Similarly, in the context of a real estate transaction, a purchaser of real property has actual notice of a title defect or other claim, lien, or interest adverse to his own in a particular property when he actually knows about the defect or claim, or when a reasonable person, if made aware of the same information known to the buyer, would be charged with actual notice of the defect or claim. Actual notice may consist of facts or conditions observed by a prospective purchaser as well as information conveyed orally or in writing to him. *E.g. Adams v. Willis,* 225 S.C. 518, 522, 83 S.E.2d 171, 173 (1954) (purchaser with actual knowledge that property was subject to lease, as well as fact that service station existed on lot, was charged with knowledge of the lease); *Walker v. Taylor,* 104 S.C. 1, 15, 88 S.E. 300, 303–04 (1916) (where land buyer prior

---

quent purchaser of real estate, or in the case of a subsequent lien creditor on real estate for valuable consideration without notice, the instrument evidencing the subsequent conveyance or subsequent lien must be filed for record in order for its holder to claim under this section as a subsequent creditor or purchaser for value without notice, and the priority is determined by the time of filing for record.

to sale had actual notice, orally and in writing, of stepdaughter's claim of one-third interest in property, buyer was not a bona fide purchaser for value without notice; the stepdaughter's claim "was of interest to him, and he is charged with all the knowledge he could have had that day for the asking. He is charged with this full and complete information in ordinary fairness as well as in law.").

The complaint in the present case does not allege any fact or theory of recovery indicating Owner 4 had actual notice of a title defect or adverse claim with regard to Lot 42.

## 2. CONSTRUCTIVE OR INQUIRY NOTICE

We have explained in the context of an action brought under the Tort Claims Act that "[c]onstructive notice is a legal inference which substitutes for actual notice. It is notice imputed to a person whose knowledge of facts is sufficient to put him on inquiry; if these facts were pursued with due diligence, they would lead to other undisclosed facts. Therefore, this person is presumed to have actual knowledge of the undisclosed facts." *Strother*, 332 S.C. at 64 n. 6, 504 S.E.2d at 122 n. 6.

The proper execution and delivery of a deed is effective to convey real property from grantor to grantee. As between grantor and grantee, a properly drawn deed is valid and dispositive of their respective ownership and rights in the property regardless of whether the deed is publicly recorded. *Epps*, 139 S.C. at 497, 138 S.E. at 302; *Martin v. Quattlebam*, 14 S.C.L. (3 McCord) 205, 207 (1825).

However, constructive or inquiry notice in the context of a real estate transaction often is grounded in an examination of the public record because it is the proper recording of documents asserting an interest or claim in real property which gives constructive notice to the world. The recording of a document alerts all future grantees of the rights of the recorder because the law assumes the grantee will search the index and discover the interest or claim. *Epps*, 139 S.C. at 499, 138 S.E. at 303 ("recording amounts to notice, whether known or unknown, because the means of information are at hand"); *Franklin Bank, N.A. v. Bowling*, 74 P.3d 308, 313

(Colo.2003) (en banc) (constructive notice in real estate trans-
action essentially is record notice).

Recording acts dating back to the days when South Carolina
was an English colony—at least since 1698—have provided
that innocent or bona fide purchasers of real property, who
pay valuable consideration, are protected from the claims of
creditors or lienholders whose claims were not on record at
the time of conveyance to the bona fide purchaser. *Epps,* 139
S.C. at 496–511, 138 S.E. at 302–07 (discussing development
and importance of recording acts, and holding that mere
possession of real property by person who held unrecorded
contract of sale for deed did not constitute constructive notice
of that claim, such that further investigation by subsequent
mortgagee was required); S.C.Code Ann. § 30–7–10 (Supp.
2004); *accord Belcher v. Powers,* 212 W.Va. 418, 573 S.E.2d
12, 19 (2002) (party is not entitled to protection as a bona fide
purchaser, without notice, unless he looks to every part of the
title he is purchasing, neglecting no source of information
respecting it which common prudence suggests); *Tauber v.
Com. ex rel. Kilgore,* 263 Va. 520, 562 S.E.2d 118, 127 (2002)
(purchaser of real property is bound by both actual and
constructive notice and has no right to shut his eyes or ears to
the inlet of information, and then say he is a bona fide
purchaser for value without notice).

Constructive or inquiry notice in the context of a
real estate transaction also may arise when a party becomes
aware or should have become aware of certain facts which, if
investigated, would reveal the claim of another. The party
will be charged by operation of law with all knowledge that an
investigation by a reasonably cautious and prudent purchaser
would have revealed. As this Court has explained in a case
involving the transfer of real property,

> If there are circumstances sufficient to put a party upon the
> inquiry, he is held to have notice of everything which that
> inquiry, properly conducted, would certainly disclose; but
> constructive notice goes no further. It stands upon the
> principle that the party is bound to the exercise of due
> diligence, and is assumed to have the knowledge to which
> that diligence would lead him; but he is not held to have
> notice of matter which lies beyond the range of that inquiry

and which that diligence might not disclose. There must appear to be, in the nature of the case, such a connection between the facts disclosed and the further facts to be discovered, that the former could justly be viewed as furnishing a clue to the latter.

*Black v. Childs,* 14 S.C. 312, 321–22 (1880) (buyers did not have actual or constructive/inquiry notice that master-in-equity who oversaw the property sale had illegally bought it through a friend, or notice of master's alleged interest in the property; therefore, subsequent grantee was a bona fide purchaser for value without notice and the tainted sale six years earlier would not be voided).

"This Court has been most exacting in determining what actions satisfy the requirements of inquiry notice. We have denied subsequent purchasers comfort under the umbrella of a bona fide purchaser when the exercise of prudence would have avoided the difficulty." *Belk,* 266 S.C. at 544, 225 S.E.2d at 179 (claim of bona fide purchaser for value will be defeated when "sufficient record notice is available to charge the purchaser with a duty to inquire which, if pursued with due diligence would have supplied him with knowledge of the rights of other parties"); *accord Adams v. Willis,* 225 S.C. 518, 522, 83 S.E.2d 171, 173 (1954) (purchaser had duty to make reasonable inquiry and investigation as to commencement date of lease, and he was chargeable with notice of effective date, when he had both actual and constructive notice that property was subject to lease); *Cathcart v. Matthews,* 115 S.C. 1, 6, 104 S.E. 180, 181 (1920) (trial court properly submitted defense of bona fide purchaser to jury where facts were in dispute about constructive or inquiry notice).

The complaint in the present case alleges facts and a theory of recovery based on constructive or inquiry notice grounded in the public record. The question in this instance is whether the deeds and plats on record at the date of the conveyance from Owner 3 to Owner 4 imposed on Owner 4 a duty to inquire further about potential title defects or adverse claims. In other words, did the public record raise a "red flag" requiring further inquiry by Owner 4?

Owner 2 points to two facts alleged in her complaint which should have alerted Owner 4 to a potential title defect or

adverse claim. First, Owner 2 cites the "long delay" between the execution date of the first deed in May 1999 and the preparation in February 2000 of the revised subdivision plat, which was recorded in April 2000. Second, Owner 2 cites the fact that the original 1997 plat recorded for Spence Plantation did not include Lot 42. Owner 4 should have investigated why the revised 2000 plat referenced in the deeds was not prepared until some nine months after the deed from Owner 1 to Owner 2 was executed.

We conclude neither of these facts would prompt a reasonable purchaser to conduct further inquiry after examining this public record. The record notice to Owner 4 as of the closing date in 2002 revealed Owner 1, according to the original 1997 plat, held additional acreage from which Lot 42 was drawn. Owner 1 conveyed the 0.82–acre Lot 42 to Owner 2, his wife, by deed executed in May 1999. This recorded deed referred, in a notation stamped in the margin, to the revised plat showing Lot 42. In February 2000, two months before Owner 2's conveyance of Lot 42 to Owner 3, the original 1997 plat was revised to show the newly created Lot 42. The 1999 gift deed conveying the 0.82–acre Lot 42 to Owner 2 and the 2000 sale deed conveying the 0.82–acre Lot 42 to Owner 3—both of which referred to the revised 2000 plat showing the 0.82–acre Lot 42—were duly recorded in April 2000. The public record contains no mention of a 0.72–acre Lot 42.

A buyer examining the public record would reasonably have concluded that a legitimate chain of title existed with regard to Lot 42. The 1999 deed was recorded and the 1997 plat was revised in 2000 only when Owner 3 entered the picture as an unrelated purchaser who, naturally, would want the public record to accurately set forth the existence, chain of title, and boundaries of a lot costing $250,000.

We affirm the circuit court's dismissal of Owner 2's claim against Owner 4 because the facts as alleged in the complaint raise no issue of actual or constructive/inquiry notice with regard to Owner 4's purchase of Lot 42. Owner 4, under the facts alleged, is a bona fide purchaser for value because they actually paid the purchase money in full, purchased and acquired the legal title, and purchased in good faith and with integrity of dealing without notice of a lien or defect.

## B. AFFIRMATIVE DEFENSE NOT PROPERLY RAISED

▮ Owner 4 did not file and serve an answer to Owner 2's complaint. Instead, Owner 4 filed a motion to dismiss under Rule 12(b)(6), asserting the defense of bona fide purchaser for value. The grounds for the motion were debated at a subsequent hearing. Owner 2 argues the circuit court erred in dismissing her complaint against Owner 4 because Owner 4 is prohibited from asserting the affirmative defense of bona fide purchaser for value in a motion to dismiss pursuant to Rule 12(b)(6), SCRCP. We disagree.

▮ Owner 2 correctly cites the principle that an affirmative defense ordinarily may not be asserted in a motion to dismiss under Rule 12(b)(6) unless the allegations of the complaint demonstrate the existence of the affirmative defense. *See Crocker v. Barr*, 295 S.C. 195, 197, 367 S.E.2d 471, 472 (Ct.App.1988) (stating the general principle), *overruled on other grounds*, 305 S.C. 406, 409 S.E.2d 368 (1991). This rule arises out of the notion that consideration of an affirmative defense usually requires reference to factual allegations and matters which are beyond the scope of allegations set forth in the complaint. Therefore, because the factual analysis of a Rule 12(b)(6) motion is confined to the four corners of the complaint, an affirmative defense usually must be pled in an answer and either resolved in later motions such as summary judgment or directed verdict or at trial. 5 Wright and Miller, *Federal Practice and Procedure Civil 3d*, § 1277 (2004).

In cases decided long before the adoption of the South Carolina Rules of Civil Procedure in 1985, this Court stated that the affirmative defense of bona fide purchaser for value usually must be pled and proved. *See Carr v. Mouzon*, 93 S.C. 161, 167, 76 S.E. 201, 203 (1912) (plea of bona fide purchaser when relied on as defense must be pleaded); *Lupo v. True*, 16 S.C. 579, 586 (1882) (purchaser for valuable consideration without notice is an equitable defense and must be set out in the answer and sustained by the defendant); L.S. Tellier, *Pleading Bona Fide Purchase of Real Property As Defense*, 33 A.L.R.2d 1322, §§ 1(b) and 2(a) (1954) ("it is recognized that, in order to avail himself of such defense, a

defendant must aver in his pleadings that he was a bona fide purchaser").

However, the general prohibition against pleading an affirmative defense in a motion to dismiss has been relaxed in modern practice. Most courts allow such defenses to be raised in a motion to dismiss under Rule 12(b) "when there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be developed by pretrial discovery or a trial on the issue raised by the defense...." Wright and Miller, *supra*, § 1277. This view is in keeping with the pleading and discovery system established by the Rules of Civil Procedure, which allow a party to raise Rule 12(b) defenses in a pre-answer motion. *See* Rule 12(b), SCRCP and accompanying notes (allowing certain defenses to be raised by pre-answer motion at option of pleader) and Rule 12(a), SCRCP (altering deadline for defendant's answer when defendant serves a pre-answer motion).

Owner 4 in this instance properly asserted the affirmative defense of bona fide purchaser for value in a Rule 12(b)(6) motion. The defense did not raise a disputed issue of fact and the relevant facts were completely disclosed in the complaint. Owner 2 has not shown that further facts could be developed by pretrial discovery or a trial on the defense of bona fide purchaser for value. The circuit court properly dismissed the complaint against Owner 4.

## C. "NO–TITLE" ARGUMENT

■ Owner 2 argues the circuit court erred in dismissing her claims against Owner 4 because she never gained legal title to the disputed tenth of an acre; therefore, she could not and did not convey that tenth of an acre to Owner 3, meaning Owner 3 could not and did not convey it to Owner 4. We disagree.

■ Owner 2 correctly cites the principle that a grantee ordinarily may not claim bona fide purchaser status if his grantor never had title to the property in question. *See Cook v. Eller*, 298 S.C. 395, 397, 380 S.E.2d 853, 854 (Ct.App.1989) (stating the general principle); 92A C.J.S. *Vendor & Purchaser* § 484 (2000) (stating "doctrine of bona fide purchaser

without notice generally does not apply where there is a total absence of title in the vendor, and the good faith of the purchaser cannot create a title where none exists").

This principle is inapplicable in the present case because the title conveyed to Owner 4 was apparently perfect, good at law, and made by a regular conveyance. *See* 92A C.J.S. *Vendor & Purchaser* § 484. Owner 1 conveyed legal title in the 0.82–acre Lot 42, a portion of a larger tract in which he held legal title, to Owner 2 by a deed duly executed and delivered in 1999 and recorded in 2000. Owner 2 conveyed legal title in exactly the same lot to Owner 3 by a deed duly executed, delivered, and recorded in 2000. Owner 3 conveyed legal title in exactly the same lot to Owner 4 by deed duly executed, delivered, and recorded in 2002.

The issues of whether the conveyance of 0.82–acre from Owner 1 to Owner 2, and from Owner 2 to Owner 3, was a mutual mistake or the result of alleged negligence by Agent apparently remain pending in circuit court against the remaining defendants. But the factual allegations contained in the complaint reveal Owner 1 held valid legal title to the area from which the 0.82–acre lot was created, and the lot was properly conveyed from Owner 1 to subsequent owners. The circuit court properly dismissed the complaint against Owner 4.

 Chief Justice Toal, dissenting, would hold the alleged material alteration of the deed by Agent without the consent of Owner 2 prevented title in the additional tenth of an acre from passing to Owner 3 or Owner 4. We agree generally with the principle of law stated by the Chief Justice, *i.e.*, that a fraudulent deed is void *ab initio* and, because it is a nullity, it ordinarily may not convey valid title to the grantee. However, we do not find this single principle dispositive in this case. Owner 2 in her complaint does not allege Agent acted with an intent to *defraud* Owners 1 and 2 of a portion of their property by materially altering the deeds and plat. Owner 2's complaint seeks only reformation of the deeds due to a mutual mistake, seeks a declaratory judgment that the lot size is 0.72 acre, and alleges Agent committed legal malpractice by *negligently* altering the deeds and plat. Furthermore, the proposition of law stated by the Chief Justice is incomplete, standing

alone, to resolve this case because Owner 4 properly has asserted the defense of bona fide purchaser for value as previously explained.

Justice Pleicones, dissenting, would find the complaint states a declaratory judgment action that title in the disputed tenth of an acre did not pass to Owner 4 because Owner 2 never acquired title to that portion. Justice Pleicones agrees with us the complaint alleges an agency relationship between Agent and Owners 1 and 2. *See* footnote 1. But, he reasons, Agent lacked the authority to alter the deeds and plat because the complaint alleges Owners 1 and 2 did not give Agent actual authority to alter them and it does not allege Agent had apparent authority to do so. He would find Agent's actions may not be imputed to Owners 1 or 2 due to the lack of authority, which means Owner 2's allegation she never acquired title to the tenth of an acre is sufficient to defeat Owner 4's motion to dismiss.

 The doctrine of apparent authority provides that the principal is bound by the acts of his agent when he has placed the agent in such a position that persons of ordinary prudence, reasonably knowledgeable with business usages and customs, are led to believe the agent has certain authority and they in turn deal with the agent based on that assumption. *Fernander v. Thigpen*, 278 S.C. 140, 143, 293 S.E.2d 424, 426 (1982); *Frasier v. Palmetto Homes of Florence, Inc.*, 323 S.C. 240, 244, 473 S.E.2d 865, 868–69 (Ct.App.1996). A principal may be held liable to a third person in a civil lawsuit for the fraud, deceit, concealment, misrepresentation, negligence, and other omissions of duty of his agent which occur in the scope of the agent's employment, even when the principal did not authorize, participate in, or know of such misconduct or even when the principal forbade or disapproved of the act in question. *West v. Service Life & Health Ins. Co.*, 220 S.C. 198, 66 S.E.2d 816 (1951). This rule "is founded upon public policy and convenience, for in no other way could there be any safety to third persons in their dealings, either directly with the principal, or indirectly with him through the instrumentality of agents. In every such case the principal holds out his agent as competent and fit to be trusted, and thereby, in effect, he warrants his fidelity and good conduct in all matters within the scope of the agency.... Seeing that some one must

be loser by the deceit, it is more reasonable that he who employs and confides in the deceiver should be the loser than a stranger." *Id.* at 202, 66 S.E.2d at 817 (internal quotes omitted); *accord Jones v. Elbert*, 211 S.C. 553, 558, 34 S.E.2d 796, 798 (1945) (as a matter of public policy, principal who selects agent and directs manner in which agent executes his role, in justice to third person with whom agent may deal and who are not responsible either for his selection or conduct, is liable for agent's torts committed in furtherance of principal's business); *Federal Land Bank of Columbia v. Ledford*, 194 S.C. 347, 359, 9 S.E.2d 804, 809 (1940) (where agency is established and there is a wrong committed by agent, principal must ordinarily bear the loss whether the agency is actual or apparent; and equity intervenes under the rule where one of two innocent persons must suffer, he who brings about the loss must bear it); 3 Am.Jur.2d *Agency* 262–270 (2002).

These agency principles are rooted in the same ground as the doctrine of bona fide purchaser for value which applies in this case. In both instances, a third party may be entitled to rely on the actions of an authorized agent or the public record of land conveyances. In our view, the only reasonable conclusion which may be drawn from the facts and allegations set forth in the complaint is that Agent had apparent authority to act on behalf of Owners 1 and 2 in the 1999 gift conveyance and the 2000 sale. The complaint does not allege otherwise and, as previously noted, Owner 2 asserts in her complaint she had an attorney-client relationship with Agent. Consequently, it is appropriate to impute Agent's allegedly negligent actions to Owner 2. To hold otherwise would allow Owner 2 to avoid the doctrine of bona fide purchaser for value and seek damages from Owner 4 simply by asserting that her admitted Agent, although he had apparent authority to act generally on her behalf in the transactions, did not have authority to perform the specific, negligent acts alleged in the complaint.[3]

---

**3.** We find instructive the following observation made during a discussion of how to determine which acts of an agent fall within the scope of employment:

It is not that the master or principal authorized the negligent act which caused the damage, but that the servant or agent acted negligently in carrying out the orders or in doing the work of the master or principal.

## D. DISMISSAL WITH PREJUDICE

Owner 2 in a motion made pursuant to Rule 59(e), SCRCP, asked the circuit court to grant her at least fifteen days to file and serve an amended complaint instead of dismissing the complaint with prejudice. Owner 2 contends the circuit court erred in denying her motion to amend the complaint, *i.e.*, the court should have dismissed the complaint *without* prejudice instead of *with* prejudice. We disagree.

Dismissal of a case "without prejudice" means a plaintiff may reassert her complaint by curing defects that led to the dismissal. In contrast, dismissal of a complaint "with prejudice" is intended to bar relitigation of the same claim. *Collins v. Sigmon*, 299 S.C. 464, 467, 385 S.E.2d 835, 837 (1989).

Dismissal of a complaint does not bar a subsequent action brought before expiration of the statute of limitations if the dismissal is based merely on the insufficiency of the complaint. *Sealy v. Dodge*, 289 S.C. 543, 347 S.E.2d 504 (1986); *Hennegan v. Atlantic Coast Line R. Co.*, 211 S.C. 357, 45 S.E.2d 331 (1947). Dismissal of a case precludes relitigation only on matters actually decided in the dismissal. *Sealy*, 289 S.C. at 544, 347 S.E.2d at 505 (dismissal for improper

---

To illustrate: The master or principal is responsible for the negligent act of the servant or agent in doing the work which he is directed to perform. If the master or principal direct[s] the servant or agent to drive an automobile carefully along the crowded street, and the latter does drive along such street, but by his negligence another is injured by such driving, the master or principal cannot escape responsibility by showing that the servant neglected his orders to drive carefully. Again, if one dictates a letter to a stenographer, and, at the conclusion of the dictation, directs the stenographer to transcribe the letter, sign his principal's name thereto, and forward to the correspondent, can it be doubted that the employer in such case would be responsible for any negligent error of the stenographer in so transcribing and forwarding the letter, whereby the correspondent was misled to his damage?

*Eureka Cotton Mills v. Western Union Tel. Co.*, 88 S.C. 498, 70 S.E. 1040, 1050 (1911). Similarly, Owners 1 and 2 directed Agent to prepare documents conveying real property to another. Owner 2 may not shift the burden of a loss caused by alleged errors in those documents to Owner 4 simply by asserting her admitted agent neglected to follow her instructions.

joinder and lack of capacity to sue precluded only those issues).

When a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice. The plaintiff in most cases should be given an opportunity to file and serve an amended complaint. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (rules of civil procedure should be liberally construed to do substantial justice and lower court erred in denying motion to amend complaint where amendment would have stated alternative theory of recovery); *Small v. Mungo,* 254 S.C. 438, 442–44, 175 S.E.2d 802, 804 (1970) (affirming dismissal of complaint for failure to proceed, but finding it should have been dismissed without prejudice); *Dockside Assn., Inc. v. Detyens, Simmons & Carlisle,* 297 S.C. 91, 374 S.E.2d 907 (Ct.App. 1988) (citing Rule 15(a), SCRCP, that plaintiff generally is allowed to amend a complaint to correct deficiencies which resulted in dismissal under provisions of Rule 12(b)); *Davis v. Lunceford,* 279 S.C. 503, 507, 309 S.E.2d 791, 793 (Ct.App. 1983) (trial court properly dismissed action in which plaintiff served summons but failed to timely serve complaint, but dismissal with prejudice was improper because such a dismissal is in nature of discontinuance of action and is not an adjudication on the merits; action should have been dismissed without prejudice); *accord Arkansas Dept. of Environ. Quality v. Brighton,* 352 Ark. 396, 102 S.W.3d 458, 468 (2003) (complaint dismissed for failure to state facts upon which relief can be granted should be dismissed without prejudice in order for plaintiff to decide whether to serve amended complaint or appeal); *Thacker v. Bartlett,* 785 N.E.2d 621, 624 (Ind.App. 2003) (dismissal for failure to state a claim is without prejudice because the complaining party may either file an amended complaint or stand upon complaint and appeal); *Giuliani v. Chuck,* 1 Haw.App. 379, 620 P.2d 733, 737 (1980) (complaint is not subject to dismissal with prejudice unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations); James F. Flanagan, *South Carolina Civil Procedure* 95 (2d ed. 1996) (party who loses a motion to dismiss normally is given the right to amend the complaint to cure the defect).

When a complaint is dismissed without prejudice and the plaintiff is given the opportunity to file and serve an amended complaint, but instead chooses to appeal, the plaintiff ordinarily waives the right to amend his complaint. The appellate court may affirm the dismissal with prejudice if it determines the lower court properly dismissed the complaint. *Brighton*, 102 S.W.3d at 468; *Swink v. Ernst & Young*, 322 Ark. 417, 908 S.W.2d 660, 663 (1995) (when trial court dismisses complaint pursuant to Rule 12(b)(6) for failure to state facts upon which relief can be granted, dismissal is without prejudice; plaintiff then has the election to plead further or appeal).

When a plaintiff is not given the opportunity to file and serve an amended complaint, but is left with no choice but to appeal after dismissal of her case with prejudice, an appellate court which affirms the dismissal may modify the lower court's order to find the dismissal is without prejudice. When the statute of limitations has expired, the appellate court may in its discretion impose a reasonable period of time in which to amend the complaint. An appellate court should follow this procedure when the plaintiff presents additional factual allegations or a different theory of recovery which, taken as true in a well-pleaded complaint, may state a claim upon which relief may be granted. *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 708 A.2d 283, 286–87 (Me.1998) (trial court acted within its discretion in dismissing case with prejudice pursuant to Rule 12(b)(6) where plaintiff was unable to show how he would cure defects in his complaint if granted leave to amend it); *Barkley v. Good Will Home Assn.*, 495 A.2d 1238 (Me. 1985) (in absence of bad or dilatory motives on the part of plaintiff or undue prejudice to defendant, the trial court abused its discretion by denying the plaintiff an opportunity to amend her complaint after it was dismissed pursuant to Rule 12(b)(6)); *Baker v. Town of Middlebury*, 753 N.E.2d 67, 74 (Ind.App.2001) (dismissal of complaint pursuant to Rule 12(b)(6) with prejudice was harmless error because plaintiff failed to show how he would have amended his complaint to avoid dismissal).

On the other hand, when a complaint is dismissed with prejudice and the plaintiff erroneously is denied the opportunity to file and serve an amended complaint, but the

plaintiff fails to present additional factual allegations or a different theory of recovery which may give rise to a claim upon which relief may be granted, the appellate court may in its discretion affirm the dismissal of the complaint with prejudice. *Potter*, 708 A.2d at 286–87; *Baker*, 753 N.E.2d at 74.

Applying these principles in the present case, we conclude this case falls in the final category. Owner 2's complaint was dismissed with prejudice pursuant to Rule 12(b)(6) when ordinarily the dismissal would have been without prejudice. However, Owner 2 has failed to present any additional factual allegations or a different theory of recovery which may give rise to a cause of action upon which relief may be granted against Owner 4. Owner 2 in her Rule 59(e) motion and on appeal merely reiterates the same allegations originally pleaded in her complaint. Those factual allegations are insufficient to state a cause of action against Owner 4, as previously discussed. Furthermore, Owner 2 has not asserted or shown the need for additional time to discover facts pertaining to Owner 4's potential liability in this matter. *Cf. Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) ("summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery"). Accordingly, the circuit court properly dismissed the complaint with prejudice against Owner 4.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's dismissal with prejudice of Owner 2's complaint against Owner 4 pursuant to Rule 12(b)(6), SCRCP.

**AFFIRMED.**

MOORE and WALLER, JJ., concur.

TOAL, C.J., and PLEICONES, J., dissenting in separate opinions.

Chief Justice TOAL dissenting:

I respectfully dissent. In my opinion, the deed executed by Mrs. Spence (Owner) was fraudulent because the deed was materially altered prior to delivery to Buyer 3. As a result, I

would reverse the ruling of the trial judge dismissing the complaint for failure to state a claim.

The majority holds that Buyer 4 was a bona fide purchaser who took title from Buyer 3 in good faith and without notice. I disagree. In my opinion, the majority fails to address the black-letter law which provides that a fraudulent deed is *void ab initio* and constitutes a nullity. 26A C.J.S. *Deeds* § 114 (2001). As a result, the deed cannot be the basis for superior title against an original grantor, even under the equitable doctrine of a bona fide purchaser. *Id; see also Concord Corp. v. Huff,* 144 Colo. 72, 355 P.2d 73, 76 (1960) (holding that void deeds do not convey title); *Andre v. Hoffman,* 81 W.Va. 620, 95 S.E. 84, 87 (1918) (holding that the grantee of a forged deed cannot acquire title under the forged instrument).

In the present case, Owner 2 executed a deed to convey 0.72 of an acre to Owner 3 in 2000. Prior to the delivery of the instrument to Owner 3, the deed was altered without the consent of Owner 2, by an Agent for Owner 2. The alteration made the instrument reflect a conveyance of 0.82 of an acre. Owner 3 then conveyed the 0.82 of an acre to Owner 4. However, Owner 2 wished to only convey 0.72 of an acre and signed an instrument that reflected such. The majority focuses on the intent of the person that made the alteration, Agent, however, this does not address the issue that instrument did not reflect the *intent* of Owner 2. As a result, the alteration of the instrument by Agent, regardless of Agent's intent, prevented title from passing.

Consequently, I would hold that the change by the agent without the consent of Owner 2 constituted a material alteration. In my opinion, this would prevent title from passing to Owner 3 or Owner 4 because the unauthorized change in acreage resulted in a fraudulent deed. Accordingly, I would reverse the trial court's decision dismissing the compliant.

Justice PLEICONES dissenting:

I respectfully dissent. I agree with the majority that neither Owner 3 nor Owner 4 had any notice of a defect in the chain of title. I agree with the Chief Justice, however, that it can be reasonably deduced from the face of the complaint that Owner 2 never acquired title to the tenth of an acre at issue

and that Owner 4 therefore cannot be a good faith purchaser for value. Consequently, I would reverse the dismissal of the complaint for failure to state a cause of action for declaratory judgment.

"A ruling on a 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint." *Toussaint v. Ham*, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987). Regardless whether the court believes that the plaintiff is likely to prevail on the merits, "the motion cannot be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case." *Id.*

The majority is correct that the complaint alleges an agency relationship between Wilkins and Owners 1 and 2. That is not dispositive, as the complaint further alleges that neither Owner 1 nor Owner 2 invested Wilkins with actual authority to alter the deeds or the plat at issue. Furthermore, the complaint does not aver that Wilkins had apparent authority to alter the instruments, nor can such be reasonably deduced from its four corners. If Wilkins lacked actual or apparent authority to perform these acts, then his conduct cannot be imputed to Owner 1 or Owner 2. Thus, principles of agency do not facially negate the allegation that Owner 2 never acquired title to the tenth of an acre. That allegation, on its face, is thus sufficient to defeat the claim that Owner 4 is a good faith purchaser for value.

I find troubling that the complaint fails to spell out the relief sought by Owner 2. The complaint does not allege that Owner 2 would be entitled to the tenth of an acre, as devisee or heir, if the disputed acreage were returned to Owner 1's estate. Nevertheless, the complaint reasonably indicates Owner 2's desire to insulate herself from a potential breach-of-warranty action. Further factual development is necessary to determine whether her concern is legitimate. I would therefore hold that the complaint states a cause of action for declaratory judgment.