**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

J.A. Seagraves d/b/a J.A. Seagraves City Wide Paving, Appellant,

v.

North Regional III, LLC; Edgewater Corporate Center Association, Inc.; J&S Inc.; Loan Trust, LLC; Sharestores Investments, LLC, Defendants,

Of which North Regional III, LLC, is the Respondent.

Appellate Case No. 2019-001143

Appeal From Lancaster County
Kristi F. Curtis, Circuit Court Judge

Unpublished Opinion No. 2022-UP-390
Submitted September 1, 2022 – Filed October 26, 2022

**AFFIRMED**

James Nathanial Pierce, of Morton & Gettys, LLC, of Rock Hill, for Appellant.

Brian Scott McCoy, of McCoy Law Firm, LLC, of Rock Hill; and Christopher Patrick Gelwicks, of The McIntosh Law Firm, PC, of Davidson, North Carolina, both for Respondent.

**PER CURIAM:**  J.A. Seagraves (Seagraves) appeals the circuit court's grant of North Regional III, LLC's motion to dismiss pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.  Seagraves argues the circuit court erred in considering evidence outside the four corners of the complaint.  We affirm.

Seagraves contends it did not plead its status as a South Carolina licensed contractor in its complaint.  Therefore, Seagraves reasons, the circuit court erred in considering its licensure status at the 12(b)(6) motion hearing.  However, Seagraves did not include the complaint in the record on appeal; without the complaint, we are unable to ascertain whether, in considering Seagraves's licensure status, the circuit court considered facts outside the four corners of the complaint.  Moreover, Seagraves failed to respond to this court's request that it provide the court with the relevant filings, including the complaint.  Thus, we find Seagraves failed to provide this court with a sufficient record to review any potential error in the circuit court's consideration of whether Seagraves was a licensed contractor.  Accordingly, we decline to address the merits of Seagraves's issue and affirm the circuit court's order.  *See Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("In considering . . . a [Rule 12(b)(6)] motion, the trial court must base its ruling solely on allegations set forth in the complaint."); *Park Regency, LLC v. R & D Dev. of the Carolinas, LLC*, 402 S.C. 401, 419, 741 S.E.2d 528, 537 (Ct. App. 2012) (providing the appellant has the burden to present a "record sufficient to allow appellate review"); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.