**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Robin Allen, Appellant,

v.

Richard Winn Academy, Kristen Chaisson (in her
individual capacity and as Head of School), and John
Ryan II, Respondents.

Appellate Case No. 2021-000561

———————————

Appeal From Fairfield County
Eugene C. Griffith, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-129
Submitted March 1, 2023 – Filed March 29, 2023

———————————

**AFFIRMED**

———————————

Larry Conrad Marchant, Jr., of Columbia; and David
Douglas Hawkins, of The Hawkins Law Offices, LLC, of
Columbia, all for Appellant.

Curtis W. Dowling and Matthew G. Gerrald, of Barnes
Alford Stork & Johnson, LLP, of Columbia; and
Creighton B. Coleman, of Coleman & Tolen, LLC, of
Winnsboro, all for Respondents Richard Winn Academy
and Kristin Chaisson.

Paul L. Reeves, of Reeves and Lyle, LLC, of Columbia, for Respondent John Ryan II.

_____

**PER CURIAM:**  Robin Allen (Mother) appeals a circuit court order granting motions to dismiss filed by Richard Winn Academy, Kristin Chaisson (in her individual capacity and as Head of School), and John Ryan II.  On appeal, Mother argues the circuit court erred by (1) concluding that South Carolina does not recognize the common law doctrine of tortious interference with parental rights and (2) failing to find that her complaint alleged facts sufficient to constitute a cause of action for breach of fiduciary duty against Winn Academy and Chaisson. We affirm.

1.  Because South Carolina has never recognized a cause of action for either intentional or negligent tortious interference with parental rights, we find the circuit court properly dismissed those claims pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.  *See Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a [claim against it] based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("In deciding whether the [circuit] court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief.").

2.  Because South Carolina has never recognized the existence of a fiduciary relationship between a school and a student's parent, we find the circuit court properly dismissed Mother's claims for breach of fiduciary duty pursuant to Rule 12(b)(6).  *See Spence*, 368 S.C. at 116, 628 S.E.2d at 874 ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a [claim against it] based on a failure to state facts sufficient to constitute a cause of action."); *Hendricks v. Clemson Univ.*, 353 S.C. 449, 459, 578 S.E.2d 711, 715 (2003) ("[W]hether [a fiduciary relationship] should be imposed between two classes of people is a question for the court."); *id.* at 459, 578 S.E.2d at 716 (declining to recognize "the relationship between [an academic] advisor and student as a fiduciary one" because our supreme court "has reserved imposition of fiduciary duties to legal or business settings, often in which one person entrusts money to another"); *Spence*, 368 S.C. at 116, 628 S.E.2d at 874 ("In deciding whether the [circuit] court properly granted the motion to dismiss, the appellate court must consider whether the complaint,

viewed in the light most favorable to the plaintiff, states any valid claim for relief.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.