**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1688

INVESTORS TITLE INSURANCE COMPANY,

Plaintiff - Appellee,

v.

CAROLYN BAIR, a/k/a Carolyn Songer Austin,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.   Patrick Michael Duffy, District Judge.  (9:05-cv-1434-PMD)

Submitted:  September 9, 2008        Decided:  October 14, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert E. Austin, Jr., ROBERT E. AUSTIN, JR. LAW OFFICES, Leesburg, Florida; Mark Weston Hardee, MARK W. HARDEE LAW OFFICES, Columbia, South Carolina, for Appellant.  Robert P. Wood, ROGERS, TOWNSEND & THOMAS, PC, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carolyn S. Bair appeals from the district court's declaratory judgment, entered after a bench trial, that an exclusion in a title insurance policy Bair had with Investors Title Insurance Company ("Investors") (the "Policy") applies to release Investors from its obligation to defend Bair's title to certain real property located in Hilton Head, South Carolina in an underlying lawsuit. She asserts error in the district court's finding that she had actual knowledge of the claim of Forest Beach Owners Association at the time of issuance of the title Policy; claims the district court failed properly to consider the applicable Policy provisions; and contends the district court erred in failing to recognize that the quit claim deed from Property Research Holdings was a matter of public record at the time the title Policy was issued. She further appeals the district court's denials of her motions filed pursuant to Fed. R. Civ. P. 59(e). We affirm.

The factual background of this case is somewhat complex and involved, and we dispense with a complete recitation of the facts, as they are fully set forth in the district court's findings of fact and conclusions of law, and are well known to the parties. On appeal from a bench trial, we may set aside the district court's findings of fact only if they are clearly erroneous, and we give due regard to the opportunity of the district court to judge the

2

credibility of the witnesses. Fed. R. Civ. P. 52(a); see also Ellis v. Thornton, 530 F.3d 280, 286-87 (4th Cir. 2008). The trial court, sitting as a trier of fact, has the duty to weigh evidence and draw reasonable inferences and deductions from that evidence. United States v. Bales, 813 F.2d 1289, 1293 (4th Cir. 1987). An inquiry as to what a person knew at a given point in time is a question of fact. Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 498 (1984).

We find without difficulty that the district court's findings, based upon its consideration of the pleadings, the public records of Beaufort County, the arguments and briefs of counsel, and the evidence offered at trial, that Bair was aware of the title risk in the contested portion of the lot were amply supported by the evidence. Specifically, evidence exists to support the conclusions that Bair contrived to obtain title to a portion of the insured premises by adverse possession, filed a quiet title lawsuit that purposely failed to name important parties, and colluded with a local businessman to obtain a quit claim deed covering the property to the end of Avocet Street. Evidence was presented during trial that Bair failed to disclose her knowledge of these facts, or her possession of many documents reflective of these dealings that were not part of the public record, to the closing attorney, the agent for Investors.

3

We will not disturb the district court's determination that Bair's testimony that she did not have actual knowledge that members of the Forest Beach community retained an easement across the portion of her lot that was formerly Avocet Street was not credible. This finding was based on Bair's familiarity with the law of easements (as evidenced by other lawsuits she had filed), a letter she received from an attorney with whom she had consulted warning her that the Forest Beach community might retain an interest to that piece of property, and her husband's admission that he had superior knowledge of title issues on Hilton Head. The district court's determination that Bair knew that all Subdivision No. 1 lot owners owned an easement across Avocet Street was supported by the fact that she took by adverse possession the end of Avocet Street, filed for judgment wherein she failed to name members of the Forest Beach community as defendants, and then obtained (for no consideration) a quit claim deed to the land from the businessman with whom she had arranged obtaining the judgment. Evidence further establishing Bair's lack of credibility was the fact that just two months after the closing, Bair, represented by Austin, filed a brief in a lawsuit, in which they argued that the streets of Hilton Head Beach Subdivision No. 2 were open to the public, a position inconsistent with her position in this lawsuit. The court's conclusion that Austin, her attorney husband, had "expertly orchestrated" the quiet title suit likewise is adequately

4

supported by Austin's testimony that he tried to keep the quiet title suit "quiet," that he purposely failed to determine the identities of Bair's neighbors to notify them, and that he published the notice of the quiet title suit in a neighboring town's newspaper, rather than the primary paper dispensed in the area. Moreover, Austin testified that Bair was fully aware of all his actions taken on her behalf, and Bair testified that Austin "would not hold anything back from [her]." The sum total of the oral and documentary evidence amply supports the district court's factual determination that Bair had actual notice that Forest Beach Owner's Association would have had a claim on the subject property.[1]

Nor do we find to have merit Bair's assertion that the district court failed properly to consider the applicable Policy provisions, as the record demonstrates that the court carefully reviewed the Policy at issue, and expressly considered the proper legal standards for construction of insurance policies in rendering its carefully considered decision. The district court correctly applied South Carolina insurance contract law in holding that the language of an exclusion, where ambiguous, will be resolved in

---

[1]That determination, contrary to Bair's contention, is consistent with Spence v. Spence, 368 S.C. 106, 628 S.E.2d 869 (2006), as Spence holds that "[a]ctual notice may be shown by direct evidence or inferred from factual circumstances." 368 S.C. at 118, 628 S.E.2d at 875.

favor of the insured and coverage,[2] and determined that Investors would be entitled to avoid payment under the Policy only if Bair had actual knowledge of the title risk at issue.[3] The district court then analyzed the evidence before it and determined with ease that Bair had actual knowledge that members of the Forest Beach Community retained an easement across the contested portion of Avocet Street in spite of the 1999 judgment purporting to quiet title in Bair. We find no error in the district court's construction of the Policy provisions.

Bair further asserts that the district court failed to consider that a quit claim deed from Property Research Holdings to Forest Beach Homeowners Association, recorded on July 25, 2001, was a matter of public record at the time the title Policy was issued, such that the Policy exclusions should not apply. Our review of the record reveals that the district court considered all the evidence before it during the bench trial,[4] and properly determined that the title search conducted by Investors' agent, in which she found the 1999 judgment purporting to quiet title to the contested property on Avocet Street, was properly limited to matters of

---

[2]See, e.g., Helena Chemical Co. v. Allianz Underwriters Ins. Co., 357 S.C. 631, 639, 594 S.E.2d 455, 459 (2004).

[3]See New York Underwriters Ins. Co. v. Central Union Bank of S. Carolina, 65 F.2d 738, 739 (4th Cir. 1933).

[4]Appellee asserts that the quit claim deed referred to by Bair was not included in the record until the Fed. R. Civ. P. 59(e) stage of the case, a statement Bair does not dispute.

6

public record, and that the agent was not required to consider "local ordinances, the pleadings from the quiet-title action, or other papers not recorded in the Office of the Registrar of Deed [of Beaufort County] which may have impugned the legal effectiveness of the 1999 judgment." Investors Title Ins. Co. v. Bair, No. 9:05-cv-1434-PMD (D.S.C. April. 27, 2007).

Bair raises a number of issues in her reply brief. To the extent these issues were not raised in her opening brief, she has waived consideration of them on appeal. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001).

Finally, we review for abuse of discretion the district court's denial of a Rule 59(e) motion. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991). We find that the district court properly exercised its fact-finding function in inferring from the plethora of direct evidence that Bair was aware of the title risk relative to the contested portion of the property. Even assuming, arguendo, that we were to determine that there existed the reasonable inference from the evidence that Bair was not aware of the risk, the factfinder's choice that she was aware cannot be clearly erroneous. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985). Given that the district court's determination that Bair had actual knowledge of the title risk was factually supported by sufficient evidence and legally justified,

we find no abuse of discretion in the district court's denial of Bair's Rule 59(e) motions.

Accordingly, we affirm the district court's declaratory judgment and its denials of Bair's Rule 59(e) motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED