**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1032**

CAROLYN SONGER AUSTIN, f/k/a Carolyn Bair,

             Plaintiff – Appellant,

        v.

INVESTORS TITLE INSURANCE COMPANY,

             Defendant – Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Richard M. Gergel, District Judge. (9:09-cv-01702-RMG)

Submitted:  October 19, 2011        Decided:  November 8, 2011

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert E. Austin, Jr., ROBERT E. AUSTIN, JR. LAW OFFICES, Leesburg, Florida, for Appellant.  Robert P. Wood, ROGERS TOWNSEND & THOMAS, PC, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carolyn Songer Austin appeals the district court's order granting summary judgment to Investors Title Insurance Company ("Investors") in Austin's civil action seeking damages from Investors based on its failure to defend her title in an action in South Carolina state court ("the state court litigation"). Austin argues on appeal that the district court erred in granting summary judgment to Investors. We affirm.

Investors argued below that the doctrine of collateral estoppel should apply based on the district court's prior determination in Investors Title Ins. Co. v. Bair, No. 9:05-cv-01434-PMD (D.S.C. Apr. 26, 2007) ("the Bair action"), aff'd, 296 F. App'x 332 (4th Cir. 2008) (No. 07-1688), that Austin had created a risk to her title such that Investors was not obligated to defend her in the state court litigation. Review of a district court's decision on collateral estoppel presents a legal issue we review de novo. Tuttle v. Arlington Cnty. Sch. Bd., 195 F.3d 698, 703 (4th Cir. 1999) (per curiam). Further, federal law controls our assessment of the preclusive effect of the earlier federal judgment in the Bair action. Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir. 1990).

We have reviewed the record and the parties' briefs and conclude that the district court properly granted summary judgment to Investors. The dispositive issue in the Bair action

2

was whether Investors had a duty to defend Austin's title in the state court litigation. The district court determined in the Bair action that Investors had no such duty because Austin knew of risks to her title that did not appear in the public records and of which Investors was understandably ignorant. Because the issue on which Investors sought preclusion in the subject action was conclusively determined in the Bair action, the district court's invocation of collateral estoppel was not error.

Austin also asserts that summary judgment was not properly granted in Investors' favor because the district court "weighed evidence in contravention of this court's admonitions." However, Austin fails to support this claim in accordance with Fed. R. App. P. 28(a)(9)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). Accordingly, we deem this claim waived. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009).

Finally, Austin presents several arguments challenging the correctness of the district court's judgment in the Bair action. These arguments are barred by principles of res judicata because Austin could have but failed to raise them in her appeal of the Bair action. Accordingly, we affirm the district court's judgment. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED