THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Forest Beach Owner's Association, Inc., and Trevor Howard, Respondents,
 v.
 Carolyn S. Austin, formerly known as Carolyn S. Bair, Appellant.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Jr., Special Referee

Unpublished Opinion No. 2012-UP-217
Heard March 13, 2012  Filed April 4, 2012

AFFIRMED

 
 
 
 Robert E. Stepp, of Columbia, and Thomas A. Pendarvis, of
 Beaufort, for Appellant.
 Russell P. Patterson, of Hilton Head Island, for Respondents.
 
 
 

PER CURIAM: Forest Beach Owner's Association brought suit against
 Carolyn S. Austin to assert its claim of ownership over real property on Hilton
 Head Island.  Austin defended claiming superior title by a 1998 default
 judgment and 2000 quitclaim deed, arguing the statute of limitations barred
 Forest Beach's claim.  The special referee found Austin intentionally failed to
 serve Forest Beach with notice of her 1998 quiet title action.  Accordingly,
 the referee found Forest Beach owned the property and ordered Austin to remove
 improvements.  We find the referee ruled correctly in all respects, and
 affirm.  See Investors Title Ins. Co. v. Bair, 2007 WL 6738625
 (D.S.C. 2007), aff'd, 296 F. App'x 332 (4th Cir. 2008) ("[T]he
 court finds Mrs. Austin had actual knowledge that all lot owners in the Hilton
 Head Subdivisions owned an easement interest in the streets of their respective
 Subdivisions, including Avocet Street in Subdivision No. 1. . . . [A]lthough
 Mrs. Austin knew that all Subdivision No. 1 lot owners owned an easement across
 Avocet Street, she and her husband took possession of the beach access property
 by hostile and adverse means and then brought an adverse possession lawsuit in
 which she failed to name parties that she knew had an interest in the property
 in dispute.").  Additionally, Austin contends the referee erred in
 ordering her to remove improvements from the property because removal would
 violate section 48-39-310 of the South Carolina Code (2008).  Section 48-39-310
 states: "The destruction of beach or dune vegetation seaward of the
 setback line is prohibited unless there is no feasible alternative."  We
 disagree with Austin and affirm the referee's order of removal because Austin
 did not show that the vegetation she must remove is located on the beach or dune
 seaward of the setback line.
AFFIRMED.
FEW, C.J., and HUFF and SHORT,
 JJ., concur.