700 S.E.2d 468

**SOUTH CAROLINA DEPARTMENT OF CONSUMER AFFAIRS, Appellant,**

v.

**FORECLOSURE SPECIALISTS, INC., & Judson G. Decell, as an Individual, Respondents.**

**No. 4749.**

Court of Appeals of South Carolina.

Submitted June 16, 2010.

Decided Sept. 29, 2010.

Carolyn Grube Lybarker, of Columbia, for Appellant.

Susan Foxworth Campbell, of Columbia, for Respondents.

FEW, C.J.

The South Carolina Department of Consumer Affairs filed a petition before the Administrative Law Court (ALC) alleging Foreclosure Specialists, Inc. and its alleged owner and operator Judson G. Decell (Respondents) violated the Consumer Credit Counseling Act.[1] The Department claimed Respondents engaged in "credit counseling service" without having first obtained a license to do so. The ALC granted the petition in part, issued a "cease and desist" order, and imposed an administrative fine. However, the Department also requested an order requiring Respondents to "refund all monies collected under contracts entered into with South Carolina consumers after December 1, 2005." The administrative law judge ruled that the ALC does not have the power to grant that relief. The Department appeals this ruling. We affirm.

---

1. S.C.Code Ann. §§ 37–7–101 to –122 (Supp.2009).

■ The scope of the power of the ALC is a question of law, which we review de novo. *See Town of Summerville v. City of N. Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("Determining the proper interpretation of a statute is a question of law, and this Court reviews questions of law de novo.").

■ We frame the issue before us by reviewing, first, the statutes Respondents violated, and second, the statutory power of the Department to seek, and the ALC to grant, various forms of relief. The Consumer Credit Counseling Act (the Act) was enacted in 2005. *See* S.C.Code Ann. § 37–7–101 (Supp.2009). Pursuant to the Act, no person may engage in credit counseling service[2] without a license. *Id.* § 102. The required license is issued by the Department of Consumer Affairs. *See id.* §§ 102, 104, 107(A).[3] The ALC found that Respondents violated the Act by engaging in credit counseling service without a license.

The Act grants the Department administrative powers to address this type of violation. *Id.* § 119. The South Carolina Consumer Protection Code (the Code) also grants powers to the Department. *See* S.C.Code Ann. §§ 37–6–101 to –113 (2002 & Supp.2009). The Code provides that the Administrator of the Department may file a petition before the ALC to seek enforcement of administrative orders issued pursuant to section 37–7–119, or otherwise to seek compliance with the Act. *See* S.C.Code Ann. § 37–6–108(A), (C) (Supp.2009). The ALC has exclusive jurisdiction over such an action for enforcement. *Id.* § 108(B). In addition to these administrative powers, the Code provides that the Administrator may bring a "civil action against ... a person subject to this title to recover actual damages sustained and excess charges paid by one or more consumers." *Id.* § 113(A).

The refund sought by the Department in this case is "actual damages sustained and excess charges paid by one or more consumers." There is no statutory authority to seek such

---

**2.** This term is defined in S.C.Code Ann. § 37–7–101(3) (Supp.2009).

**3.** The Consumer Credit Counseling Act is enforced by the Department of Consumer Affairs. *See also* S.C.Code Ann. § 37–7–101(9) (Supp. 2009).

relief except in a "civil action" under section 37–6–113(A). The Department may bring a civil action in circuit court. This appeal requires us to determine whether the Department may also bring a civil action in the ALC to recover the relief provided for in section 37–6–113(A). The answer to that question will determine whether the ALC has the power to grant to the Department the refund it seeks from these Respondents. We conclude the Department has no statutory authority to bring a civil action in the ALC, and thus the ALC was correct in finding it did not have the power to grant the Department the refund it requested.

The General Assembly amended the Consumer Protection Code in 2005.[4] The former version of section 37–6–108 provided "the Administrator may obtain an order of the court for enforcement of its order in the court of common pleas."[5] The circuit court's jurisdiction over such actions was exclusive.[6] The Administrator also had the right to bring a civil action before the 2005 amendments. The former version of section 37–6–113 set forth three different types of civil actions the Administrator could bring, including "a civil action against a creditor to recover actual damages sustained and excess charges paid by one or more consumers...."[7] Before 2005, there was no statutory authority for the Administrator to bring any action in the ALC. It is apparent, therefore, that before the 2005 amendments, a civil action could be brought only in circuit court.

---

4. Act No. 128, 2005 S.C. Acts 1507.

5. S.C.Code Ann. § 37–6–108(1) (2002) (former version).

6. *Id.* § 108(4) (2002). Any doubt that this "exclusive" jurisdiction provision referred to circuit court is resolved by the same subsection, which provided that a "final judgment or decree may be appealed in the manner provided by the South Carolina Appellate Court Rules." Appeals from the ALC filed before July 1, 2006, went to circuit court. *See* S.C.Code Ann. § 1–23–610 (2005) (former version); § 1–23–610 (Supp.2009) (current version providing appeal to court of appeals); Act No. 387, § 57, 2006 S.C. Acts 3132 (providing effective date of amendment to be July 1, 2006). The Appellate Court Rules do not apply in circuit court. The only appeal that could be governed by the Appellate Court Rules before July 1, 2006, was from circuit court to the court of appeals.

7. S.C.Code Ann. § 37–6–113(1) (2002) (former version).

With the 2005 amendments, the Code now distinguishes between an "administrative action," which must be brought in the ALC, from a "civil action." *See* S.C.Code Ann. §§ 37–6–108(A); 37–6–113(C) (Supp.2009). There is nothing in the 2005 amendments that changes the procedure that a civil action has to be brought in circuit court. Because the relief sought by the Department in this case is available only in a civil action pursuant to section 37–6–113(A), and because a civil action must still be brought in circuit court, the ALC was correct in ruling that it did not have the power to grant the relief.

Further, when the General Assembly revised the Code in 2005 and created the administrative action under section 37–6–108, it placed limitations on the power of the ALC. Under subsection 37–6–108(F), "the administrative law judge may not award damage[s] ... to affected customers in these hearings." S.C.Code Ann. § 37–6–108(F) (Supp.2009). This subsection precludes the ALC from granting the type of relief the Department requested.

■ The Department argues, however, that the ALC has inherent powers and equitable powers through which it may grant the requested relief. Specifically, the Department argues that two provisions of the Administrative Procedures Act, sections 1–23–600(F) and 1–23–630(A), provide the ALC authority to grant the requested relief as an equitable remedy. This argument fails for two reasons. First, the refund sought by the Department in this case is legal, not equitable. Second, the statutes do not provide what the Department contends. Section 1–23–600(F) provides "a state agency authorized by law to seek injunctive relief may apply to the Administrative Law Court for injunctive or equitable relief pursuant to Section 1–23–630." S.C.Code Ann. § 1–23–600(F) (Supp. 2009). Section 1–23–630(A) provides that an administrative law judge "has the same power at chambers or in open hearing as do circuit court judges and to issue those remedial writs as are necessary to give effect to its jurisdiction." S.C.Code Ann. § 1–23–630(A) (2005). We do not believe it is necessary for us to decide exactly what effect these statutes have on the power of the Department or the ALC. The statutes do not grant the Department or the ALC authority to exceed their statutorily granted powers. *See generally Re-*

*sponsible Econ. Dev. v. S.C. Dep't of Health & Envtl. Control,* 371 S.C. 547, 553, 641 S.E.2d 425, 428 (2007) ("[R]egulatory bodies ... have only the authority granted them by the legislature."); *see also* Randolf R. Lowell, *South Carolina Administrative Practice and Procedure,* 152 (2d ed.2008) ("The ALC has no authority to decide civil matters or to award monetary damages in cases.").

We hold that the Administrative Law Court does not have the power to grant the Department of Consumer Affairs a refund of fees paid by consumers for credit counseling service when the provider of those services has violated the Consumer Credit Counseling Act. An action for this relief is a civil action under section 37–6–113(A) of the South Carolina Code, and must be brought in circuit court. The decision of the ALC is

**AFFIRMED.**

THOMAS and PIEPER, JJ., concur.