THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Amisub of South
 Carolina, Inc., d/b/a Piedmont Medical Center, Appellant,
 
 
 

v.

 
 
 
 South Carolina
 Department of Health and Environmental Control, Charlotte- Mecklenburg
 Hospital Authority, d/b/a Carolinas Healthcare System, and Carolinas
 Physicians Network, Inc., Respondents.
 
 
 

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Judge

Opinion No. 2010-UP-523
 Submitted December 1, 2010  Filed
 December 10, 2010
 Withdrawn February 7, 2011
 Heard March 23, 2011
Substituted and Refiled April 25, 2011    

REVERSED AND REMANDED

 
 
 
 Travis Dayhuff and Holly G. Gillespie, both
 of Columbia, for Appellant.
 Ashley Caroline Biggers, Nancy S. Layman,
 Carlisle  Roberts, Jr., James G. Long, III, and Edward H. Bender; all of
 Columbia, for Respondents.
 
 
 

PER CURIAM:  Amisub of South Carolina, Inc., d/b/a Piedmont Medical
 Center (Piedmont) appeals the grant of summary judgment by the Administrative
 Law Court (ALC) in a contested case arising from a decision made by Respondent
 South Carolina Department of Health and Environmental Control (the Department)
 in favor of Respondents Charlotte-Mecklenburg Hospital Authority, d/b/a
 Carolinas Healthcare System and Carolinas Physicians Network, Inc.  On appeal,
 Piedmont argues the ALC erred when it determined Carolinas Healthcare Urgent
 Care - Fort Mill (the Center) is "the office of a licensed private
 practitioner" and is, therefore, exempt from certificate of need (CON)
 review under S.C. Code Ann. Regs. 61-15 § 104(2)(e) (Supp. 2010).  We withdrew our initial decision and
 scheduled oral arguments.  
Piedmont asserts
 the ALC erred in granting summary judgment to CHS and CPN without allowing Piedmont
 the opportunity to conduct discovery.[1] 
 We agree and conclude that the ALC erred in finding that it could resolve the
 case as a matter of law by granting summary judgment without affording Piedmont
 the opportunity to conduct discovery. See Dawkins v. Fields, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary
 judgment is a drastic remedy and must not be granted until the opposing party
 has had a full and fair opportunity to complete discovery."); Lanham v.
 Blue Cross & Blue Shield of S.C., Inc., 349 S.C. 356, 363, 563
 S.E.2d 331, 334 (2002) (finding the court of appeals correctly reversed the
 trial court's decision to rule on the summary judgment motion when Lanham was
 not able to conduct further discovery to respond to Blue Cross's claim).  
Additionally, we disagree
 with the Department's subject matter jurisdiction argument.  The Department
 sought reconsideration of our initial opinion because it alleged there was no
 decision rendered by the Department in this matter.  The record indicates that
 there was a decision by the Department to exempt the Center from review.  For
 example, in a letter from CHS to the Department dated December 19, 2007, CHS stated that the Department
 provided notification that the Center was exempt from CON review.  Also, in a
 letter dated February 13, 2009, from the Department, written to CHS and
 Piedmont, the Department stated, "[t]he S.C. Board of Health and
 Environment Control decided on February 12, 2009, not to conduct a Final Review
 Conference on the above-referenced matter."  Additionally, the subject
 line of the letter states: "Docket No. 09-RFR-06  Staff decision dated October 26, 2007 (mailed 1/7/2009) to approve an exemption (E-07-125) for
 an expenditure by health care facility for a non-medical project."
 (emphasis added).  Furthermore, included in the same letter is the following
 reference to section 44-1-60(F) of the South Carolina Code (Supp. 2010): 
 "[I]f a final review conference is not conducted within sixty days, the
 department decision becomes the final agency decision, and an applicant,
 permittee, licensee, or affected person requests . . . a contested case hearing
 before the Administrative Law Court." (emphasis added).   
Therefore, we
 reverse the judgment and remand to the ALC pursuant to Rule 220(b), SCACR, and the
 following authorities to allow discovery to be conducted and completed: S.C.
 Code Ann. § 1-23-610(B)(d) (Supp. 2010) ("The court of appeals may . . .
 remand the case for further proceedings; or, it may reverse or modify the
 decision if the substantive rights of the petitioner have been prejudiced
 because the finding, conclusion, or decision is . . . affected by other error
 of law . . . ."); S.C. Dep't of Consumer Affairs v. Foreclosure
 Specialists, Inc., 390 S.C. 182, 184, 700 S.E.2d 468, 469 (Ct. App. 2010)
 (stating an appellate court reviews questions of law in ALC cases de novo). 
 After completion of discovery, the ALC may proceed as deemed appropriate to
 reach a final disposition.[2]
REVERSED AND REMANDED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] While we initially questioned preservation of the
 discovery issue, our reading of the final order indicates the ALC determined
 that discovery was not necessary to making a decision
 on the motion for summary judgment.  
[2] Although not preserved for
 our review, in light of our remand we note the ALC's statement that the
 Center's status as a "physician office" exempts it from CON review as
 a matter of law, is an error of law.  See S.C. Code Ann.
 Regs. 61-15 § 104(2)(e) (Supp. 2010) (indicating a
 physician office is not exempt from CON review if the total cost expended on
 acquiring medical equipment to be used for diagnosis or treatment is greater
 than $600,000);  see alsoMRI at Belfair, LLC v. S.C. Dep't of
 Health & Envtl. Control, Op. No. 26962 (S.C. Sup. Ct. filed April 25,
 2011) (Shearouse Adv. Sh. No. 14 at 15) (discussing S.C. Code Ann. Regs. 61-15
 § 102(1)(f) (Supp. 2010) regarding whether the total cost for the acquisition
 exceeds $600,000 and noting the Department "must not allow a potential CON
 applicant to avoid the CON process based on an arbitrary factor").