742 S.E.2d 2

Tommy W. BERRY, Sr. and Jo S. Berry, Appellants,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Office of Ocean and Coastal Resource Management, Respondent.

Appellate Case No.2011–192812.

No. 27237.

Supreme Court of South Carolina.

Heard Jan. 23, 2013.
Decided March 27, 2013.
Rehearing Denied May 16, 2013.

Howell V. Bellamy, Jr., and Howell V. Bellamy, III, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Appellants.

Bradley D. Churdar, of Charleston and William M. Taylor, Jr., of Columbia, for Respondent.

Justice KITTREDGE.

This is an appeal from the circuit court's order dismissing the action for lack of subject matter jurisdiction. We affirm.

## I.

Appellants own property in North Myrtle Beach that is bounded by water on the west and north. In February 2007, Appellants applied to the Department of Health and Environmental Control ("DHEC") for a critical area permit to construct a replacement bulkhead. The permit application provided:

> The work, as proposed and shown on the attached plans, consists of constructing a *replacement bulkhead*. A 155' long wooden bulkhead will be removed and *replaced* with a vinyl bulkhead to be built in the *same location.*

(emphasis added). Appellants attached to the application a plat that depicted the replacement bulkhead being built in the same location as the existing bulkhead, which was located just underneath the cantilevered portion of the house.

In March 2007, DHEC issued Critical Area Permit No. OCRM–07–509 ("permit") to Appellants. The permit included the following special condition: "Provided the proposed bulkhead is placed in the *same location* as the existing bulkhead." (emphasis added).

In response to a complaint, DHEC Enforcement and Compliance Project Manager Sean Briggs inspected Appellants' property in July 2007. Briggs observed the replacement bulkhead was partially constructed in a different location along the northern property line and that fill dirt had been placed in the area between the house and new bulkhead. According to Briggs, the new bulkhead was constructed in the tidelands critical area 20' channelward of the house and in violation of the DHEC permit specifications.

DHEC issued Appellants various written warnings, including a Cease and Desist Directive and a Notice of Violation and Admission Letter. However, follow-up inspections revealed

Appellants continued to alter the critical area and construct the replacement bulkhead in a different, unauthorized location. Accordingly, DHEC sent Appellants a Notice of Intent to Revoke the permit.

In January 2010,[1] Briggs again inspected Appellants' property. He observed that, since the last inspection and the issuance of the directive to cease construction, Appellants had marched forward with construction. According to Briggs, Appellants had covered the fill dirt with a concrete driveway and installed fencing, pilings, and landscaping materials, all within the critical area.

On April 20, 2010, DHEC issued an administrative order ("Revocation Order") revoking Appellants' permit based on Appellants' failure to construct the bulkhead in compliance with the permit conditions.

Thereafter, on April 26, 2010, DHEC issued a separate administrative enforcement order ("Enforcement Order") assessing against Appellants a civil penalty of $54,000[2] and requiring Appellants to restore the impacted portion of the critical area to its previous condition.[3]

Appellants sought review of the Enforcement Order by the South Carolina Board of Health and Environmental Control ("Board"). In a letter, the Board denied Appellants' request for a Final Review Conference. The letter informed Appellants that within thirty days, they could request a contested case hearing before the Administrative Law Court ("ALC") in accordance with the Administrative Procedures Act ("APA").

However, rather than requesting a contested case before the ALC, Appellants filed an action in circuit court seeking

---

1. According to DHEC, between August 2007 and February 2009, the parties attempted to negotiate a resolution but were unsuccessful because Appellants steadfastly maintained they built the bulkhead in accordance with the permit.

2. Any person who violates a permit or any other requirement of the Coastal Zone Management Act ("CZMA") may be assessed a civil penalty of up to one thousand dollars per day of violation. S.C.Code Ann. § 48–39–170(C) (Supp.2012).

3. These two, separate orders were mailed to Appellants as enclosures in a single cover letter dated April 27, 2010.

judicial review of the Enforcement Order de novo and requesting a final order "overturning [DHEC's] [Enforcement Order] and decision dated April 26, 2010, with prejudice[.]" Specifically, the complaint alleged the circuit court had subject matter jurisdiction pursuant to section 48–39–180 of the South Carolina Code, which provides that any applicant whose permit application has been finally denied, revoked, or suspended may seek review in the circuit court.

In response, DHEC filed a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, contending the circuit court lacked subject matter jurisdiction. DHEC argued section 48–39–180 applies to permitting matters, not administrative enforcement orders such as the Enforcement Order that was the sole focus of Appellants' complaint.

Appellants opposed dismissal, focusing largely on the propriety of the bulkhead construction and maintaining they built the bulkhead as permitted. Appellants contended section 48–39–180 provides for judicial review of their permit revocation in the circuit court, and that pursuit of an administrative remedy is optional under the section.

The circuit court granted DHEC's motion to dismiss for lack of subject matter jurisdiction. The court found section 48–39–180 does not confer jurisdiction on the circuit court to review administrative enforcement orders issued by DHEC.

Rather, the circuit court held such orders are administrative in nature and governed by the APA.[4]

Appellants now challenge the circuit court's order.[5]

---

4. Alternatively, the circuit court found it lacked jurisdiction because Appellants had not exhausted their remedies as required by the APA.

5. After the circuit court's ruling, Appellants filed an action in the ALC seeking a contested case hearing. In response, DHEC moved to dismiss Appellants' action, asserting Appellants had not timely filed their petition based on S.C.Code Ann. section 44–1–60(G) (Supp.2012), which provides that a permittee must seek a contested case hearing before the ALC within thirty days after the Board declines to schedule a final review conference. The ALC action has been held in abeyance pending resolution of this appeal. On appeal, Appellants now contend the doctrine of equitable tolling precludes dismissal of their pending ALC action. However, we do not address that argument, for the ALC action is not before this Court.

## II.

██ " 'The question of subject matter jurisdiction is a question of law.' " *Linda Mc Co. v. Shore*, 390 S.C. 543, 551, 703 S.E.2d 499, 503 (2010) (quoting *Porter v. Labor Depot*, 372 S.C. 560, 567, 643 S.E.2d 96, 100 (Ct.App.2007)). "This Court is free to decide questions of law with no particular deference to the lower court." *Jeter v. S.C. Dep't of Transp.*, 369 S.C. 433, 438, 633 S.E.2d 143, 146 (2006) (citation omitted).

## III.

██ Appellants argue the circuit court erred in holding it did not have subject matter jurisdiction to consider Appellants' challenge. We disagree.

Section 48–39–180 states:

Any applicant whose permit application has been finally denied, revoked, suspended or approved subject to conditions of the department, or any person adversely affected by the permit, may obtain judicial review as provided in Chapter 23 of Title 1, or may file a petition in the circuit court having jurisdiction over the affected land for a review of the department's action "de novo"....

S.C.Code Ann. § 48–39–180.

Appellants are correct that, by its terms, section 48–39–180 enables an applicant whose permit has been finally revoked to seek judicial review of such revocation in circuit court. Appellants, however, did not challenge the Revocation Order in their complaint. The complaint filed in the circuit court challenges only the Enforcement Order, not the Revocation Order. Appellants' invocation of section 48–39–180 hinges on the conflation of the two separate and distinct orders issued by DHEC. Yet, Appellants' appeal to the Board and the circuit court encompassed *only* the Enforcement Order, as no specific mention of or objection to the Revocation Order was made. We are bound to hold Appellants to their complaint and lone challenge of the Enforcement Order. *See Davis v. Monteith*, 289 S.C. 176, 182, 345 S.E.2d 724, 727 (1986) ("This Court will not, under the guise of liberal construction of the pleadings, write into the complaint allegations that are not presented.").

Having determined Appellants' challenge does not fall within section 48–39–180, we find the circuit court was correct in holding this administrative enforcement matter is governed by the APA.

■ Whenever DHEC determines that any person is in violation of a permit or any CZMA, DHEC may assess a civil penalty and may issue an order requiring such person to comply with the permit, including requiring restoration. S.C.Code Ann. § 48–39–170(C). "Matters brought under this procedure are administrative in nature and are, therefore, governed by the procedures of the APA." *Hill v. S.C. Dep't of Health & Envtl. Control,* 389 S.C. 1, 17, 698 S.E.2d 612, 621 (2010). In *Hill,* we stated:

> [R]eview of the agency's enforcement order and its imposition of civil fine is an administrative matter that falls squarely within the ambit of a contested case as defined in the APA. It is a proceeding in which the rights, duties, and privileges of a party are required to be determined by an agency after the opportunity for a hearing.

*Id.*

Under the APA, persons aggrieved by an agency decision are entitled to seek review of the decision by means of a contested case hearing before the ALC. The ALC sits as the adjudicatory body in all contested cases involving DHEC. *See* S.C.Code Ann. § 1–23–600(A) (Supp.2012) ("An administrative law judge *shall* preside over all hearings of contested cases ... involving [DHEC]....").[6] This administrative process is consistent with the legislative purpose. *See* Act No. 387, § 53, 2006 S.C. Acts 387 ("This act is intended to provide a uniform procedure for contested cases and appeals from administrative agencies.").

Appellants' circuit court complaint involved only the administrative matter, which falls squarely within the ambit of the

---

6. The procedures for DHEC decisions giving rise to contested cases are set forth in section 44–1–60 of the South Carolina Code. The initial DHEC decision is the staff decision. *Id.* § 44–1–60(C). If the Board declines in writing to schedule a final review conference, the staff decision becomes the final agency decision. *Id.* § 44–1–60(F). A permittee aggrieved by the final agency decision may file a contested case hearing request with the ALC within thirty days after the Board declines to schedule a final review conference. *Id.* § 44–1–60(G).

APA. Pursuant to the APA, the ALC had exclusive jurisdiction to entertain Appellants' narrow challenge of the Enforcement Order and the circuit court lacked subject matter jurisdiction to hear Appellants' claim. Accordingly, the circuit court's order is affirmed.[7]

AFFIRMED.

TOAL, C.J., PLEICONES, BEATTY, and HEARN, JJ., concur.

---

7. In light of our holding, we need not address the circuit court's alternative finding that it lacked subject matter jurisdiction because Appellants failed to exhaust their administrative remedies. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when disposition of prior issue is dispositive). *But see Ward v. State,* 343 S.C. 14, 17, 538 S.E.2d 245, 248 n. 5 (2000) (noting the failure to exhaust administrative remedies goes to the prematurity of the case, not subject matter jurisdiction).