**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sunset Cay, LLC, Appellant,

v.

South Carolina Department of Health and Environmental Control, Respondent.

Appellate Case No. 2017-000161

_____

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

_____

Unpublished Opinion No. 2020-UP-030
Submitted May 8, 2019 – Filed January 29, 2020

_____

**AFFIRMED**

_____

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, P.A., of Charleston, for Appellant.

General Counsel Bradley David Churdar, of S.C. Department of Health and Environmental Control, of Charleston, for Respondent.

_____

**PER CURIAM:** Sunset Cay, LLC appeals the Administrative Law Court's (ALC) dismissal of its claims against the South Carolina Department of Health and Environmental Control (DHEC), arguing the ALC erred in (1) dismissing its

request for the ALC to review the declaration issued by DHEC (the Declaration) on the ground that the appeal was premature and (2) dismissing with prejudice Sunset Cay's appeal. We affirm.

1. We find the ALC properly dismissed Sunset Cay's request for it to review the Declaration because the ALC did not have subject matter jurisdiction over Sunset Cay's claim. *See Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("In an appeal from the decision of an administrative agency, the Administrative Procedures Act [(APA)] provides the appropriate standard of review."); *Amisub of S.C., Inc. v. S.C. Dep't of Health and Envtl. Control*, 403 S.C. 576, 585, 743 S.E.2d 786, 791 (2013) ("The General Assembly has the authority to limit the subject matter jurisdiction of a court it has created; therefore, it can prescribe the parameters of the ALC's powers."); S.C. Code Ann. § 1-23-500 (Supp. 2019) (creating the ALC); *S.C. Dep't of Consumer Affairs v. Foreclosure Specialists*, 390 S.C. 182, 186, 700 S.E.2d 468, 470 (Ct. App. 2010) (observing the ALC does not have the authority to exceed its statutorily granted powers); *Berry v. S.C. Dep't of Health and Envtl. Control*, 402 S.C. 358, 364, 742 S.E.2d 2, 5 (2013) ("Under the APA, persons aggrieved by an agency decision are entitled to seek review of the decision by means of a contested case hearing before the ALC."); *Amisub*, 403 S.C. at 585, 743 S.E.2d at 791 ("By statute, the General Assembly has authorized the ALC to preside over 'contested case' proceedings." (citing S.C. Code Ann. § 1-23-600(A) (Supp. 2019))); S.C. Code Ann. § 44-1-60(G) (2018) (allowing applicants, permittees, licensees, or affected persons to file a request for a contested case hearing with the ALC in accordance with the statute); S.C. Code Ann. § 1-23-505(3) (Supp. 2019) ("'Contested case' means a proceeding including, but not restricted to, ratemaking, price fixing, and licensing, in which the *legal rights, duties, or privileges of a party are required by law or by Article I, Section 22, Constitution of the State of South Carolina, 1895, to be determined by an agency or the [ALC] after an opportunity for hearing*." (emphasis added)); S.C. Const. art. I, § 22 ("No person shall be *finally* bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard; nor shall he be subject to the same person for both prosecution and adjudication; nor shall he be deprived of liberty or property unless by a mode of procedure prescribed by the General Assembly, and he shall have in all such instances the right to judicial review." (emphasis added)); *S.C. Dep't of Revenue v. Club Rio*, 392 S.C. 636, 642, 709 S.E.2d 690, 694 (Ct. App. 2011) ("The statutory scheme confers on the ALC subject matter jurisdiction over [DHEC's] contested cases."); S.C. Code Ann. Regs. 30-9(D) (2011) ("Interested persons may petition to [DHEC] for declaratory rulings.").

Neither the South Carolina Code nor the South Carolina Code of Regulations provide a manner in which an interested party may appeal a declaration issued by DHEC, and Sunset Cay conceded it has not obtained a final decision in a contested case. *See Foreclosure Specialists*, 390 S.C. at 186, 700 S.E.2d at 470 (observing the ALC does not have the authority to exceed its statutorily granted powers); *Amisub*, 403 S.C. at 585, 743 S.E.2d at 791 ("By statute, the General Assembly has authorized the ALC to preside over 'contested case' proceedings." (citing § 1-23-600(A))). Furthermore, although DHEC's response to the Declaration indicated Sunset Cay's proposed uses were not water-dependent, Sunset Cay still has the opportunity to apply for an amendment to its permit. Thus, Sunset Cay is not finally bound by the Declaration such that its private rights are affected. If DHEC were to deny any application for an amendment submitted by Sunset Cay, Sunset Cay would then be able to pursue a contested case by following the procedures set forth in section 44-1-60. *See* S.C. Const. art. I, § 22 ("No person shall be *finally* bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard . . . ." (emphasis added)). Therefore, we find the ALC did not err in dismissing Sunset Cay's request for it to review the Declaration for lack of subject matter jurisdiction.

2. We find the ALC properly dismissed Sunset Cay's appeal of a cease and desist directive (the Directive) sent to Sunset Cay by DHEC's Office of Ocean and Coastal Management with prejudice because Sunset Cay failed to exhaust administrative remedies and an amendment to Sunset Cay's complaint would be futile. *See Stiles v. Ontario*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) ("The ruling on a Rule 12(b)(6)[, SCRCP,] motion to dismiss must be based solely upon the allegations set forth on the face of the complaint."); *id*. at 300, 457 S.E.2d at 602–03 ("A Rule 12(b)(6) motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case."); *Spence v. Spence*, 368 S.C. 106, 129, 628 S.E.2d 869, 881 (2006) ("When a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice."); *id*. ("The plaintiff in most cases should be given an opportunity to file and serve an amended complaint."); *id*. ("[A] complaint is not subject to dismissal with prejudice unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations." (citing *Giuliani v. Chuck*, 620 P.2d 733, 737 (Haw. Ct. App. 1980))); *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 190, 826 S.E.2d 585, 593 (2019) (indicating that *Spence* found "an appellate court must find the dismissal

was without prejudice and remand for the filing of an amended complaint unless the court concludes any amendment would be clearly futile" (citing *Spence*, 368 S.C. at 130, 628 S.E.2d at 881–82)); *Berry*, 402 S.C. at 364, 742 S.E.2d at 5 ("Under the APA, persons aggrieved by an agency decision are entitled to seek review of the decision by means of a contested case hearing before the ALC."); *id.* ("The ALC sits as the adjudicatory body in all contested cases involving DHEC."); § 1-23-600(A) ("An administrative law judge shall preside over all hearings of contested cases . . . ."); *Hyde v. S.C. Dep't. of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582–83 (1994) ("Whether administrative remedies must be exhausted is a matter within the [ALC's] sound discretion and [its] decision will not be disturbed on appeal absent an abuse thereof."); *id.* at 208, 442 S.E.2d at 583 ("The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule."); S.C. Code Ann. § 44-1-60(C) (2018) ("The initial decision involving the issuance, denial, renewal, suspension, or revocation of permits, licenses, or other action of the department shall be a staff decision."); S.C. Code Ann. § 44-1-60(E)(2) (2018) ("[A] staff decision becomes a final agency decision fifteen calendar days *after* notice of the staff decision has been mailed to the applicant, unless a written request for final review accompanied by a filing fee is filed with [DHEC] by the applicant, permittee, licensee, or affected person." (emphasis added)); § 44-1-60(G) ("An applicant, permittee, licensee, or affected person may file a request with the [ALC] for a contested case hearing within thirty calendar days *after*: (1) notice is mailed to the applicant, permittee, licensee, and affected persons that the board declined to hold a final review conference; or (2) the sixty calendar day deadline to hold the final review conference lapses and no conference has been held; or (3) the final agency decision resulting from the final review conference is received by the parties." (emphasis added)).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.