**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randall D. Price, Appellant,

v.

Greenville County Sheriff's Office and Deputy Compton, Respondents.

Appellate Case No. 2023-000061

———————

Appeal From Greenville County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-041
Submitted January 1, 2025 – Filed February 5, 2025

———————

**AFFIRMED**

———————

Randall D. Price, pro se.

Charles Franklin Turner, Jr. and James Nathan Ozmint,
both of Willson Jones Carter & Baxley, P.A., of
Greenville, for Respondents.

———————

**PER CURIAM:** Randall D. Price appeals the circuit court's order dismissing his amended complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. On appeal, he argues the court erred because it failed to consider his amended complaint, which he asserts cured any deficiencies, when it found he

failed to plead facts sufficient to constitute a cause of action.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err when it dismissed Price's amended complaint because it explicitly considered Price's amended complaint, which failed to remedy the deficiencies in his initial complaint.  *See Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("In deciding whether [a] trial court properly granted [a] motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Spence*, 368 S.C. at 116, 628 S.E.2d at 874 ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory.").  The court found Price's initial complaint failed to state a claim and allowed him time to file an amended complaint; Price did not appeal the court's ruling.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").  The only additions in Price's amended complaint consisted of his assertion that a deputy acted outside the scope of his ministerial duties, acted with gross negligence, and that he should have ticketed or arrested a moped driver for driving without operational lights, whom Price subsequently hit and killed.  Price's amended complaint failed to include any additional facts that would tend to show the deputy owed Price a duty. *See Doe v. Marion*, 373 S.C. 390, 400, 645 S.E.2d 245, 250 (2007) (explaining a plaintiff claiming a defendant acted negligently must demonstrate "(1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages"); *Arthurs ex rel. Est. of Munn v. Aiken County*, 346 S.C. 97, 104, 551 S.E.2d 579, 582 (2001) ("[A] plaintiff alleging negligence on the part of a governmental actor or entity may rely either upon a duty created by statute or one founded on the common law.").  Price asserts the deputy owed him a duty based upon various South Carolina statutes governing moped operation, such as requiring operational lights, which he alleged the deceased violated.  *See* S.C. Code Ann. § 56-2-3070(F) (Supp. 2024) ("The operator of a moped must have turned on and in operation the operational lights and the headlight at all times while the moped is in operation.").  However, these statutes do not create a special duty owed to Price because they do not impose a duty on a specific officer to protect against a harm, and Price is not a member of a class whom the statutes are designed to protect.  *See Arthurs*, 346 S.C. at 105-06,

551 S.E.2d at 583 ("The 'public duty rule' recognizes that, generally, statutes which create or define the duties of a public office create no duty of care towards individual members of the general public."); *id.* at 106, 551 S.E.2d at 583 ("An exception to the general rule exists when the statutory duty is owed to individuals rather than to the public at large."); *id.* (explaining the six-part test for determining when a special duty exists, including whether the statute "impose[s] on a specific public officer a duty to guard against or not cause that harm" and whether "the plaintiff is a person within the protected class").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.